### PEAY & SCULL v. TANNEHILL & OWEN.

EQUITY PRACTICE—DECREE BY CONSENT—*How changed.*—A decree, upon terms, by consent of parties, cannot afterwards be changed by supplemental order, on application of one of the parties, as against the objection of the other.

APPEAL FROM JEFFERSON CIRCUIT COURT.

Hon. Henry B. Morse, *Circuit Judge.*

*Carroll, Galloway & Bradshaw* and *Watkins & Rose,* for Appellants.

A sheriff is entitled, "for receiving and paying moneys on execution or process, when lands or goods have been taken in custody, advertised or sold, to two per centum commissions, and in no event shall be deprived of such commissions after an execution has gone into his hands, by any settlement or compromise between the parties." *Acts of General Assembly, Ark.,* 1868, 1st *Session, p.* 240; *Crittenden County vs. Crump,* 25 *Ark.,* 235, *and cases cited.*

*Garland & Nash*, for Appellees.

There is no specification of charges, or an itemized account, no regular fee bill is presented, but the court allows the sheriff this sum ($149 50), and it is reasonable to suppose, in the absence of any exception being saved specifically, or any point being directly made, the court below was correct; this presumption is indulged by the appellate court fully and freely, as to all rulings and judgments of the court below; and it is therefore submitted, that this cause must be affirmed. *Keizer vs. Seabrook*, 25 *Ark.*, 334; *Dillard vs. Parker*, 25 *Ark.*, 503.

HARRISON, J.—The appellees filed their complaint, in equity, in the Jefferson Circuit Court, against the appellants, to restrain proceedings upon a judgment which Peay, one of the appellants, had recovered against them and upon which an execution had already been issued and levied upon their lands, and obtained a temporary injunction thereon.

The defendants answered the complaint; after which a decree, purporting to be by consent of parties, was entered, dismissing the complaint, and against the defendants for costs; and also for the costs attending the execution which were stated, thereon, to amount, in the aggregate, to the sum of $18.50. Afterwards the plaintiffs applied to the court to correct the decree so far as related to the costs, by stating the amount thereof to be $149 50, instead of $18 50, so as to include commissions to the sheriff at two per cent. upon the entire sum the execution required him to make, which alteration in the decree was made by the court, against the objection of the defendants, by a supplemental order. The decree against the defendants could, as the pleadings show, only be made by their consent, which must appear by the record; and although it does appear that they consented to a decree, as was at first entered, the record affirmatively shows that they dissented to the decree as amended. The decree against the defendants cannot therefore be sustained, and inasmuch as the dismissal of the complaint was predicated upon the payment of the costs by the defendants, the whole decree must be reversed and the cause remanded.