## Box v. Equitable Securities Company.

Opinion delivered March 14, 1903.

Process—Leaving Copy with Member of Defendant's Family.—A return by the sheriff upon a writ of summons, showing that he left a copy of the writ at the usual place of abode of the defendant with a member of his family over 15 years old, without stating the name of such member, is sufficient to support a judgment by default.

Appeal from Benton Circuit Court in Chancery.

James M. Pitman, Judge.

Affirmed.

*McGill & Lindsey,* for appellants.

The judgment against 'Sam Box is void for want of service. 63 Ark. 513; 83 Ga. 1; s.c. 20 Am. St. 301. The return must

state the manner in which the writ was served. Sand. & H. Dig. §§ 5667, 6003. Unless the statute is strictly followed, a judgment by default should be reversed on appeal. 1 Ark. 50; 3 Ark. 522; 4 Ark. 428; 5 Ark. 157; 6 Ark. 552; 7 Ark. 44; 9 Ark. 439; 22 Ark. 362; 35 Ark. 502; 59 Ark. 583; 22 Am. & Eng. Enc. Law 182-3; 18 Enc. Pl. & Pr. 935; 1 Black, Judg. § 93. Where there is no appearance, and no actual service, no motion for new trial is necessary to an appeal. 35 Ark. 501; 32 Ark. 17. As to what service is sufficient, and what is not, see 18 Enc. Pl. & Pr. 930. As to necessity for giving name of person with whom copy is left, see 7 Ill. 581; 10 Ia. 416; 7 Ia. 56; 4 Ia. 158; 41 Ia. 497; 57 Miss. 237; 64 Minn. 485.

*Bridges & Wooldridge,* for appellees.

The recital in the decree as to regular service of process is *prima facie* evidence thereof, and must be taken as true unless there is something in the record to contradict it. 63 Ark. 517; 26 Ark. 60.

BATTLE, J. The Equitable Securities Company and M. H. Johnson instituted a suit in the Benton circuit court against Sam Box and Mary Box, his wife, to foreclose a deed of trust made by them to secure the payment of a certain bond executed by defendants to Norman F. Thompson for $1,600, and of certain coupons for the interest thereon, the same having been assigned to the plaintiff, Equitable Securities Company: A summons, directed to the sheriff of Benton county, and commanding him to summons the defendants to answer the complaint of the plaintiffs in twenty days after the service thereof, was issued by the clerk; and was returned by the sheriff with the following indorsement made by him thereon:

"State of Arkansas,
"County of Benton.

"On this 27th day of February, 1899, I have duly served the within writ by delivering a copy and stating the substance thereof to the within named Mary E. Box and by leaving a copy for Sam Box with a member of his family over 15 years old at his usual place of abode in Benton county, Arkansas.

	"J. G. McAndrew, Sheriff,
	"Cris Reel, D. S."

The court, at a term thereof begun and held after the expiration of twenty days after the service of the summons, finding that such writ had been legally served, and the defendants failing to appear, rendered a decree against them for the amount due upon their bond and coupons, and for the foreclosure of the deed of trust.

Defendants have appealed, and insist that the decree should be reversed because the return of the sheriff did not state the name of the member of the family of Sam Box with whom a copy of the summons was left. This is the only ground alleged for reversal.

The statute provides that a summons may be served "by leaving a copy of such summons at the usual place of abode of the defendant with some person who is a member of his family over the age of fifteen years," and that the return of service upon it "must state the time and manner of the service." Sand. & H. Dig. §§ 5666, 5667.

The object of a return upon a summons is to show to the court whether it has been properly served, and the defendant has been informed of the pendency of the action in the manner prescribed by law. *Southern Building & Loan Association* v. *Hallum,* 59 Ark. 583.

As the court is governed by the return, the statement in it of the name of the member of the family with whom a copy was left would not afford any additional assistance in determining whether the summons was properly served; and it is not to be presumed that a defendant's family is so numerous and uncertain that a return like that in this case would render it difficult for him to ascertain whether it be true or not. We think that the return in this case is sufficient, but that it would have been better if the name of the member of the family with whom the copy of the summons was left had been stated.

Decree affirmed.