CRENSHAW *v.* CRENSHAW.

4-6665                              160 S. W. 2d 37

Opinion delivered March 23, 1942.

Appeal from Craighead Chancery Court, Western District; *J. F. Gautney,* Chancellor; affirmed.

*Archer Wheatley,* for appellant.

*Charles Frierson, Jr.,* and *Chas. D. Frierson,* for appellee.

GREENHAW, J.   In 1931, Gordon P. Crenshaw purchased three policies of insurance for $25,000 each on his life with appellee, Lamar Life Insurance Company. These policies were in customary form, with provisions for change of beneficiary, withdrawal of loan values, etc., and designated as the beneficiary "Gordon P. Crenshaw, his executors, administrators and assigns."

After the policies had been in force for some years, Crenshaw was advised that by making an irrevocable designation of beneficiaries the state inheritance tax and federal estate tax would be lessened. Crenshaw thereupon applied for such irrevocable designation, and on March 9, 1936, there was indorsed on each policy under "Register of Change of Beneficiary," "Bertha Gilliam Crenshaw, wife of the insured, if living; otherwise unto Albert Sidney Crenshaw and Caroline Crenshaw, children of the insured, in accordance with the indorsement attached to and forming a part of this policy."[1] The children, both of whom are adopted, are still minors.

[1] The indorsement, entitled "Mode of Settlement," attached to each policy, recited that Mrs. Crenshaw is designated as "Final and irrevocable beneficiary in said contracts of insurance so long as the said Bertha Gilliam Crenshaw shall be alive while any of the payments hereinafter provided for her benefit in this mode of settlement are to be paid. Albert Sidney Crenshaw, son of the insured, born March 28, 1924, and Caroline Crenshaw, daughter of the insured, born July 30, 1928, are hereby designated as the final and irrevocable contingent beneficiaries in said contract of insurance to receive in equal shares, or as hereinafter provided, the net proceeds of said policies in the event the said Bertha Gilliam Crenshaw predeceases the insured, or survives the insured but dies within ten years from the date of approval, at the home office of the company, of due written proof of the death of the insured. . . . The beneficiaries· named in this indorsement shall be irrevocable, but nothing herein contained shall prevent the said insured, if the insured should so desire, from utilizing the loan value, the cash surrender value and other property rights created under said policies for the purpose of preserving said policies or any of them by payment of the premium or otherwise. But it is expressly recognized and agreed that the said insured may not change any of the above named beneficiaries in any of said policies so long as any of the above named beneficiaries shall live, and that it is expressly understood and agreed, notwithstanding the present provisions of such policies allowing at any time while the said policies are in force the change of any of the above named beneficiaries therein named," etc.

The insured later sought to pledge these policies as collateral for a loan, at which time he was informed that on account of the irrevocable designation of beneficiaries he had no right to do so.

He then filed this suit against the Lamar Life Insurance Company, Bertha Gilliam Crenshaw, Albert Sidney Crenshaw, Caroline Crenshaw and the Citizens Bank of Jonesboro, in which he recited issuance of the policies, the relationship of the parties, and his voluntary action in asking for a change of beneficiary, and asked that the indorsements changing the beneficiaries and modes of settlement be canceled, asserting that this would be to the best interests of all parties concerned.

Appearance of the Citizens Bank, which was made a party because the policies had been assigned to it by the insured, was duly entered. Bertha Gilliam Crenshaw entered her appearance, and an answer was filed for the minors by their guardian *ad litem,* Archer Wheatley.

The evidence showed that the insured did not carry out the proposed plan, in that he did not deliver the policies to the beneficiaries or to anyone for them. The court found it was for the best interests of the minors and all parties concerned that the indorsements be canceled, and directed the insurance company to restore each policy to its original form, making it payable to Gordon P. Crenshaw, his executors, administrators or assigns.

Appellants contend that the policies as indorsed prior to the court's order created vested interests. Strictly construed, there is no vested interest either in the wife or children. If the wife should predecease her husband, her interest ends: her estate would have no claim. In such event the children are one step nearer realization of Crenshaw's secondary purpose; therefore, their rights are dependent upon the adoptive mother's death prior to death of the insured or within ten years after death of the insured. This contingency interferes with the vested interest asserted on behalf of the children.

But it does not follow as a matter of law that the insured has a right to change beneficiaries merely because neither the wife nor the children has a vested

interest. For the purpose of determining whether the insured had the right of redesignation, the interests must be treated as property in expectancy, in respect of which the insured lost control.

Cooley's Briefs on Insurance, 2d ed., v. 7, p. 6399, states the rule to be that "Under an ordinary policy of life insurance, in which there is no reservation of a right to cut off or modify the interest of the beneficiary, the latter has a vested interest in the policy, of which he cannot be divested without his consent."

To the same effect is *Franklin Life Ins. Co.* v. *Galligan,* 71 Ark. 295, 73 S. W. 102, 100 Am. St. Rep. 73. At page 301 of 71 Ark. at page 104 of 73 S. W., 100 Am. St. Rep. 73, *Johnson* v. *Hall,* 55 Ark. 210, 17 S. W. 874, is cited, where it is said: "These were cases against mutual benefit societies. In the first case we said: 'But regardless of the character of the company, the rights of persons claiming insurance arise out of and depend upon contract.'" It was then said: "If this doctrine be sound as to mutual benefit societies, *a fortiori* must it be when applied to regular life policies issued by an ordinary life insurance company. If the rights of the beneficiaries are so vested by the contract as to preclude the assured from changing the beneficiary while she is living, then the assured certainly could not name another beneficiary after her death."

This case is cited by Cooley as authority for his assertion that where the right to change beneficiaries is not reserved, such beneficiary has a vested interest. Another reference to the character of the interest created when the right to change beneficiaries is not reserved is to be found at page 6406 of Cooley's Briefs.

American Jurisprudence, vol. 29 § 1275, on Insurance, p. 950, makes the following summation of decisions: "In practically every jurisdiction it is the rule that in an ordinary life insurance policy which is made payable to the beneficiary and does not authorize a change of beneficiary, the named beneficiary has an absolute vested interest in the policy from the date of its issuance, delivery and acceptance of which he cannot be divested with-

out his consent." See *Reilly* v. *Henry,* 187 Ark. 420, 60 S. W. 2d 1023. The cases on pages 428 and 429 are in point.

In the instant case the wife has consented to the policy changes, and as to her we are not troubled. With respect to the children, the rights in expectancy created by Crenshaw are of a kind that may be destroyed by the inability of the insured to pay premiums, a condition which could arise through no fault of his. His expressed purpose has been to provide for the children, subject only to the prior rights of the wife.

All of the evidence points to the fact that Crenshaw's reason for desiring to change policy designations is wholly unselfish, and that his aim now, as it was when the indorsements were attached, is to maintain a business status which will enable him to provide liberally for the children. Technically, he cannot take away what has been given; but the chancery court, having general jurisdiction over these minors and their property, had the power and was justified in granting the relief requested under the facts in this case. *Myrick* v. *Jacks,* 33 Ark. 425. At page 428, Mr. Justice Eakin speaks of this jurisdiction as a very high trust, involving the most delicate and important interests of a helpless class. This trust, he says, is peculiarly the subject of the jealous and watchful care of chancery. See, also, *Greenlee* v. *Rowland,* 85 Ark. 101, 107 S. W. 193; *Wilson* v. *Magnolia Petroleum Company,* 181 Ark. 391, 26 S. W. 2d 92.

Because of this general jurisdiction, and in view of the unquestioned merit of the transaction, the decree should be affirmed. It is so ordered.