STOVALL *v.* STOVALL.

5-1532                                    312 S. W. 2d 337

Opinion delivered April 21, 1958.

*Mehaffy, Smith & Williams* and *Robert V. Light,* for appellant.

*Willis V. Lewis,* for appellee.

ED. F. McFADDIN, Associate Justice.   This appeal is an effort by a father to reduce the amount of monthly payments which he agreed to make for the support of his children.

Mr. and Mrs. Stovall were married in Little Rock in 1943, and are the parents of three children: twin boys born in 1951 and a daughter born in 1954. The Stovalls separated in November, 1955, and a divorce was subsequently obtained by Mrs. Stovall in Pulaski County.  In contemplation of the divorce, the parties signed an agreement whereby Mr. Stovall agreed that Mrs. Stovall could have the care and custody of the three children during minority, and that Mr. Stovall would pay her $275.00 per month for the support of the children. The divorce decree incorporated in it the support agreement.

Mr. Stovall was a Lieutenant Colonel in the United States Army at the time of the execution of the

support agreement, and his Army pay was $726.00 per month. Shortly after the divorce decree he married a lady who had two children; and in June, 1957 he suffered a heart attack. He was about to be retired from the United States Army at retirement pay of $320.00 per month, when, on August 1, 1957, he filed his present petition for modification of the support decree to reduce the amount he was to pay each month for the support of his three children. Mrs. Stovall resisted the petition for modification; the Chancery Court heard the petition and refused to grant Mr. Stovall any relief; and this appeal ensued.

Two points are urged by the appellant on appeal. They are:

I. *The trial court had the power to modify the provisions of its Decree relative to child support.*

II. *The defendant made a sufficient and proper showing of changed circumstances which justified a reduction of the child support payments required by the Decree, and the Chancellor's finding that an insufficient showing was made is contrary to the law and facts, and is opposed to the preponderance of the evidence.*

We entirely forego any discussion of the first point because we are convinced that appellant has failed to establish that the Chancery Court was in error in refusing to modify the support decree. The only witnesses in the case were the parties. Mr. Stovall, who lives in California, testified by deposition on August 19, 1957: that he was 43 years of age and resided in California; had been in the Army 23 years; was still receiving $726.00 per month at the time of testifying;[1] that he had no other income; that in September 1957 he would be retired from the Army; that upon such retirement his pay would be only $320.00 a month; and that his present wife was Mrs. Marie Stovall, age 38, who was Educational Advisor, Troop Information and Education,

---

[1] By stipulation it was agreed that Mr. Stovall's retirement from active duty was consummated on October 23, 1957. The decree herein was rendered on November 5, 1957.

Fort Ord, California. Here are his answers as to the nature and extent of his disability:

"Question 6. Make a detailed statement relative to the state of your health, and your physical ability to engage in gainful employment after your retirement from the United States Army.

"Answer: In view of a serious coronary thrombosis on 5 June 1957 and per instructions I have received from the attending doctors, my activity will be quite limited for several months yet to come. And after full recovery my activity will still be limited, thereby reducing my chances of obtaining employment in other than non-active forms of employment.

"Question 7. If in Interrogatory No. 6 you indicate that you will not be physically able to be gainfully employed on your retirement, from the United States Army, state the estimated period of time during which you will be so incapacitated. Please attach any physician's statement, hospital record, etc. which would tend to corroborate your testimony in this respect.

"Answer: The doctors' estimate, I understand, of the period I will be incapacitated is four to six more months."

What we have above detailed is *all the evidence* that was offered by Mr. Stovall. No doctor testified that Mr. Stovall's heart condition existed or would disable Mr. Stovall for six months, or any other period of time. Mr. Stovall offered no evidence that he had tried to obtain gainful employment or would be refused gainful employment after his retirement. He did not testify what income and property his present wife has, although the fact that she had some employment was shown.

Mrs. Stovall (appellee here) testified that Mr. Stovall knew he was going to retire (after 20 years service) when he signed the agreement to support his children, and that he contemplated obtaining employment after retirement sufficient to support himself; that she surrendered her interest in a home worth $21,000.00

and surrendered all of her dower and property rights in order to get the support agreement for the children; and that the entire $275.00 per month was necessary for the support of the three children.

The rule is well established, that one seeking modification of a prior decree, involving support of children, has the burden of proving (a) changed circumstances since the decree; and (b) that such change in circumstances requires a modification of the decree involving the support of the children. *Dobrzeniecki* v. *Dobrzeniecki*, 223 Ark. 828, 270 S. W. 2d 891; *Clinton* v. *Morrow*, 220 Ark. 377, 247 S. W. 2d 1015; *Roberts* v. *Roberts*, 216 Ark. 453, 226 S. W. 2d 579.

Our cases also hold that the Court is not required to accept as uncontradicted the testimony of a party to the litigation. In *McDonald* v. *Olla State Bank*, 192 Ark. 603, 93 S. W. 2d 325, Chief Justice JOHNSON said: "In a long line of opinions we have consistently held that the testimony of interested parties is never considered as uncontradicted. *Bridges* v. *Shapleigh Hdw. Co.*, 186 Ark. 993, 57 S. W. 2d 405; *Davis* v. *Oakes*, 187 Ark. 501, 60 S. W. 2d 922; *Walker* v. *Eller*, 178 Ark. 183, 10 S. W. 2d 14."

As aforesaid, Mr. Stovall's testimony was not corroborated. Nor was it so detailed and complete as to indicate a full and perfect desire on his part to do complete equity to his own children. Therefore, the decree is affirmed at the cost of appellant.