Godwin *v.* Godwin.

5-2094                                            333 S. W. 2d 493

Opinion delivered March 28, 1960.

*David B. Whittington, Thomas, Phillips & Wright,* for appellant.

*Walter J. Hebert, C. A. Stanfield,* for appellee.

Sam Robinson, Associate Justice. Appellee, J. A. Godwin, filed suit for divorce January 13, 1959, in Garland Chancery Court, alleging general indignities. Appellant answered by general denial and by way of cross complaint asked that she be granted a divorce and also for dower in appellee's property, for alimony, attorneys' fees and suit money. In his answer to the cross complaint appellee alleged that the parties had entered into a property settlement.

The court granted appellant a divorce and dower in appellee's personal property but denied her claim for dower in or reconveyance of certain real property owned by appellee. The court found that there had been a property settlement as to the real property and that appellee had advanced and furnished to appellant money and material and had performed services in connection with payment for certain real property owned solely by appellant, the value of which exceeded any dower interest appellant might have in any property owned by appellee.

The question presented on appeal is whether the chancellor's findings as to the property settlement and dower rights of appellant are correct.

The parties were married in 1936. They built a house in Hot Springs on a lot owned by appellant. Appellee testified he contributed over $2,000 to improvements made on this property. Later this property was exchanged for a 79 acre tract located outside Hot Springs, title to which was taken solely in appellant's name. Appellee showed he contributed money, materials and services to improvements on this property, and that he made a contribution of $350 toward appellant's purchase of an additional tract of land.

In 1954 appellant deeded 16.63 acres of the 79 acre tract to appellee. It was this transaction which the chancellor found to be a settlement of the property rights of the parties. Appellee testified this deed was made by appellant voluntarily and that he understood it constituted a settlement of their rights. Unless it is shown there was a fraudulent inducement to the making of this agreement, it should not be modified by judicial action. *Tennison* v. *Tennison*, 216 Ark. 748, 227 S. W. 2d 138.

We cannot say that the chancellor's findings are not supported by a preponderance of the evidence.

Affirmed.