Rowe *v.* Rowe.

5-3323                    382 S. W. 2d 370

Opinion delivered October 5, 1964.

*Kenneth Coffelt,* for appellant.

*W. J. Walker,* for appellee.

Carleton Harris, Chief Justice. On June 11, 1959, Irene Rowe, appellee herein, was granted an absolute divorce from William E. Rowe, appellant herein, and was awarded custody of the two minor children, Keith Rowe and Garry Rowe. The decree, *inter alia,* provided, "The defendant shall pay into the register of the Master of this court, $25 each and every week hereafter as alimony, maintenance and child support." On December 18, 1963, appellee filed a petition in the trial court, setting out the aforementioned language, and praying, "for an order of this court amending the original decree by deletion of the word 'alimony' from the decree." On January 8, 1964,[1] the chancellor granted the relief prayed, and an order was entered amending the decree of divorce, "in that the word alimony is deleted from the decree and henceforth the $25.00 per week payments made by the defendant to the plaintiff shall be for the maintenance and support of the parties' two minor children." From the decree so entered, appellant brings this appeal.

---

[1] The order was actually made on December 19, 1963, but was entered nunc pro tunc on January 8, 1964.

In response to the question as to why she was requesting that the word ''alimony'' be deleted, and that the payments be declared child support, Mrs. Rowe replied:

''With the word 'alimony' in there I have had to claim that in addition and add it on to my teaching salary as my whole salary and I have met with the income tax people and even had to pay them back because I did not know that in the beginning and that is why that I would like for it all to be claimed as child support instead of the word 'alimony.' The way it is worded I have to claim it all as my income.''

In other words, Mrs. Rowe was required to add the $1,300.00 paid to her by appellant, to her own teaching income, which made a difference in the amount of income tax due.

For reversal, appellant asserts that at the time of the entry of the amended decree, the court term, at which the original decree had been issued, had expired, and the court was therefore without jurisdiction to amend. We have, many times, held that the court has continuing jurisdiction to modify allowances. In *Perry* v. *Perry,* 229 Ark. 202, 313 S. W. 2d 851, this court said:

''As a matter of law the trial court retains control of the cause with jurisdiction to modify an allowance of alimony or maintenance.''

See also *Watnick* v. *Bockman,* 209 Ark. 696, 192 S. W. 2d 131.

It is also argued that there was no change of circumstances (following the rendition of the original decree) that would justify the court in entering the order here appealed from. It is true that we have held that one seeking modification of a prior decree, involving custody or support of children, has the burden of establishing changed circumstances that necessitate the modification. *Stovall* v. *Stovall,* 228 Ark. 1077, 312 S. W. 2d 337. Of course, in practically all of our cases of this nature, the necessity for showing change in circumstances relates to

an application seeking a change of custody of the children from one parent to another, or an application requesting an increase, or decrease, in child support payments. Here, neither of these questions is involved. No change in the custody order was sought, or made; nor was the amount of payment, that Mr. Rowe had been making, changed. The order simply designates the $25.00 per week entirely for support of the two children, rather than including any support for the wife. Mrs. Rowe testified that she was able to support herself. Of course, we think the time element itself establishes a change of circumstances, for the children, at the time of the amended decree, were four and a half years older·than when the original divorce decree was granted and support order entered. Both children are now of school age, rather than only one, and we think it readily apparent, under normal circumstances, that more money is required to support boys 13 and 8 years of age, than would be necessary for the maintenance of boys 9 and 4 years of age. Likewise, we do not think it can be successfully argued that $50.00 per month for each child is an unreasonable amount to require the father to pay; appellant's income has not been reduced since the rendition of the divorce decree; in fact, he has received a slight increase in salary.

Mr. Rowe stated that he was not claiming these children as dependents in filing his Federal income tax return, but does claim them in preparing his state income tax return.[2]

Appellant does not set out any specific reason for opposing the dropping of the word, "alimony," and for this court to mention any possible reason or reasons, would be only to speculate.

We think the court had full authority to amend its original decree, and we are unable to say that such action was improper under the testimony presented.

Affirmed.

[2] When asked why he carried them on one and not the other, Mr. Rowe replied, "It is my affair, isn't it?"