Clarence C. Collie *v.* Mary Alice Collie

5-4143                                413 S. W. 2d 42

Opinion delivered April 3, 1967

*Jack L. Lessenberry,* for appellant.

*House, Holmes & Jewell,* for appellee.

JOHN A. FOGLEMAN, Justice. This case originally involved two appeals. The second appeal was from an order by a special chancellor committing appellant to jail until he páid certain arrearages on child support provided for in an agreement between the parties and incorporated in a decree of divorce granted the wife.[1] This appeal has become moot and will be dismissed, it being conceded that these arrearages have been paid.

The first appeal is from the order of the chancellor reducing appellant's child support payments from $583.33 to $400.00 per month. Appellant contends that the trial court erred in dismissing his petition to correct the original decree of divorce, insofar as it relates to child support and in failing to grant a greater reduction in these payments.

The divorce action was instituted by appellant in May, 1965. Appellee, having first answered, filed a cross complaint for divorce. This pleading was filed one day after the parties entered into the property settlement agreement in question. The agreement was approved by the Honorable Royce Weisenberger, Chancellor (apparently serving on exchange or by assignment), and incorporated into the decree which was dated August 30, 1965. This agreement referred to a statement of assets and liabilities of appellant as of May 31, 1965, as an exhibit thereto, but it was not incorporated into the decree. Certain distribution of property was provided for and appellant agreed to convey a residence to the three children of the parties under a trust agreement to which reference was made. Appellant agreed to make all payments required on a $35,000.00 mortgage on the residence, to pay $150.00 per month as alimony and $7,000.00 per year for child support in monthly installments. In addition, he agreed to provide a four-year college education to each of the children, to continue to provide summer camps for each of them during minori-

---

[1]This order was stayed by this court pending this **appeal**.

ty, to pay all high school fees and book costs, all medical and dental expenses, and certain premiums on life insurance policies of which the children would be beneficiaries. In addition to the signatures of the parties, the agreement was approved by their respective attorneys. Each party acknowledged therein that he had been fully advised as to his rights.

A pleading designated ''Petition for Correction of Divorce Decree'' was filed by appellant only seven months after the entry of the decree. His bases for correction of the decree are the remarriage of appellee and the allegation that certain ingredients of the total child support provided for would properly have been alimony, but were considered as child support in order to lower appellant's taxable income. He contended that he actually agreed to pay only $180.00 per month for child support in addition to dental expenses, camp fees and college education costs. He also contended that the agreement had become inoperative because of the impossibility of complying with the trust for the benefits of the children, but he admitted that the parties had consummated an alternate to this provision. Appellee denied the allegation of the petition, except as regards the trust agreement. Appellant later filed an amendment to this petition asking that, in the alternative, his child support payments be reduced because of a change in the circumstances of the parents and children.

Upon hearing, the trial court dismissed the original petition but found that a change in the circumstances of appellant justified a reduction of child support payments to $400.00 per month.

The chancellor was correct in denying the petition to correct the decree. A case appealed from the same chancery court involved a petition by a wife to have title to two tracts of land quieted in her after expiration of the term of court at which a decree of divorce in the case had been rendered, in spite of statements in the pleading of the parties that no property rights were

involved. There [*Fullerton* v. *Fullerton,* 230 Ark. 539, 323 S. W. 2d 926] this court said:

> "* * * The Chancery Court terms for Pulaski County commence the first Monday in April and the first Monday in October. Appellee obtained her divorce decree during the April term, and the order directing appellant to vacate the property was entered during the following October term. We have many times held that a court is without authority to set aside or modify its decrees after the lapse of the term in which they were entered, except upon statutory grounds."

Here a full term of court intervened between the entry of the divorce decree and the hearing on appellant's petition. None of the statutory grounds for vacation or modification of a decree after the expiration of the term at which it was rendered are alleged or shown.

A chancery court may correct its decree after the expiration of the term at which it was rendered to make it conform to the judgment actually rendered but not to change it to one not actually rendered or to correct errors or review actions of the court. *Kelley Trust Co.* v. *Lundell Land & Lbr. Co.,* 159 Ark. 218, 251 S. W. 680; *Hendrickson* v. *Farmers' Bank & Trust Co.,* 189 Ark. 423, 73 S. W. 2d 725. Petitioner, in asking the court to change the amounts fixed as alimony and child support by consent of the parties, was asking the court to make the decree reflect an action different from that taken by the court. Insofar as it was a consent decree, it could not be so changed over the objection of one of the parties, in the absence of fraud or similar ground. *Cornish* v. *Keesee,* 21 Ark. 528; *Peay & Scull* v. *Tannehill & Owen,* 27 Ark. 114; *Blair* v. *Askew-Jones Lbr. Co.,* 186 Ark. 687, 55 S. W. 2d 78. Furthermore, as an alimony and property settlement agreement incorporated in the decree, it is contractual. In the absence of fraudulent inducement affecting its execution, it cannot be modified by judicial action. *McCue* v. *McCue,* 210 Ark. 826, 197

S. W. 2d 938; *Tennison* v. *Tennison,* 216 Ark. 748, 227 S. W. 2d 138; *Godwin* v. *Godwin,* 231 Ark. 951, 333 S. W. 2d 493.

It has been held by this court that when an independent, formal, written contract for alimony and child support has been approved by the chancellor and incorporated in the decree, the trial court has no jurisdiction to reduce the amount of monthly payments provided for or to modify the decree at a later date. *Bachus* v. *Bachus,* 216 Ark. 802, 227 S. W. 2d 439. The cited case recognized, however, that a chancery court might decline to use its powers to enforce such payments where changed circumstances rendered such inequitable, leaving the parties to their remedy at law. Later decisions have held that the court has power to modify a divorce decree as to provisions for support of minor children on the showing of changed conditions necessitating such a modification, by either increasing or reducing such amounts. *Lively* v. *Lively,* 222 Ark. 501, 261 S. W. 2d 409. Any apparent conflict in these cases is probably attributable to the fact that the alimony and child support were not provided for separately in the *Bachus* case, but child support was a separate item in the *Lively* case. See *Reiter* v. *Reiter,* 225 Ark. 157, 278 S. W. 2d 644. At any rate we think that the better rule is that a chancery court may withhold enforcement of the payment of child support payments that have become inequitable by change of circumstances and the court may either reduce or increase amounts of child support payments provided for by such agreements because of changed circumstances. The interests of minors have always been the subject of jealous and watchful care by courts of chancery. *Myrick* v. *Jacks,* 33 Ark. 425; *Crenshaw* v. *Crenshaw,* 203 Ark. 1086, 160 S. W. 2d 37. The public interest in the welfare of children is sufficient reason for the exercise of this power, the interests of the children being paramount. *Daily* v. *Daily,* 175 Ark. 161, 298 S. W. 1012; *Penny* v. *Penny,* 210 Ark. 16, 193 S. W. 2d 811; *Reiter* v. *Reiter,* 225 Ark. 157, 278 S. W. 2d 644.

The expiration of the term is also insignificant insofar as *changed crcumstances* require modification of child support payments. *Rowe* v. *Rowe,* 238 Ark. 423, 382 S. W. 2d 370.

In considering the matter of reduction of payments, we first find that the petition states no grounds for any reduction. Remarriage of appellee and reduction of appellant's income because of a property division with her, provided for in the agreement, are not sufficient. The former, standing alone, is not the kind of change of circumstances contemplated. The latter is not a change of circumstances at all, as it must have been contemplated at the time the agreement was made. The financial statement of appellant as of May 31, 1965 was not an exhibit but appellant referred to it in his testimony. It showed him with a net worth deficit of $205,338.36.[2] When asked to state the changes in his financial statement, appellant called attention to elimination of the following:

1.  $20,000.00 equity in residence.
2.  $44,000.00 nursing home.
3.  Interest in Executive House in Dallas.
4.  Property in Fayetteville.

The residence was the one appellant agreed to put in trust for the children. He received a note for $64,000.00 on disposition of the nursing home which he pledged to secure about $60,000.00 in debts. The interest in Executive House was shown on the financial statement to have a negative net worth. He couldn't remember what he got for the sale of the Fayetteville property, but he did hold an $8,000.00 note, two-thirds of which belonged to him. Other changes in his holdings were in performance of his property settlement agreement with his wife. Appellant

[2]In the transcript we find a letter dated July 15, 1965 from the attorney then representing appellant to appellee's attorney at that time. A copy of this letter went to Chancellor Kay L. Matthews who later announced his disqualification. In this letter a postponement of trial was protested for the reason that appellant's business and financial situation was on the brink of disaster and his situation highly precarious.

also lost his equity in an apartment building in Austin to the mortgage holder, but does not show what, if any, effect this had on his financial condition. Appellant had an income of $745.00 per month at the time of the divorce, and only has a salary of $500.00 per month at this time. While the financial prosperity of the venture in which he is employed seems uncertain at this time, if it is successful his contract calls for additional benefits. It cannot now be said that he will not continue to receive this salary. Secured Mortgage, in which he owns all the capital stock, and which had a net worth of $8,000.00, recently collected one commission of $27,000.00 which was applied toward retirement of its debts. Collie was relieved of the payment of $250.00 per month on the residence mortgage and the taxes on the property by the alternate agreement with appellee. Appellee testified that the present cost of maintenance of the children was $501.75 per month. In this she included $125.00 for one-half of the note payment on the residence in which her present husband and his son also reside. If this is deducted, the monthly amount would be $376.75.

The asumption is that the chancellor correctly fixed the proper amount for child support in the original decree. *Clinton* v. *Morrow,* 220 Ark. 377, 247 S. W. 2d 1015. One seeking modification has the burden of proving that there has been a change of circumstances requiring a modification. *Stovall* v. *Stovall,* 228 Ark. 1077, 312 S. W. 2d 337. The amount of child support on modification is a matter within the sound discretion of the trial court under the facts of each case. *Robbins* v. *Robbins,* 231 Ark. 184, 328 S. W. 2d 498.

We are unable to say that, on the showing made by appellant, the finding of the chancellor, who saw and heard the witnesses, was against the preponderance of the evidence or was an abuse of his discretion. This decree is affirmed.

Harris, C. J., would reduce the regular support payments to $300.00 per month.

Byrd, J., disqualified and not participating.