No. 20834.

Dorothy A. Eisenson *v.* Jacob M. Eisenson, etc.
(407 P.2d 20)

Decided November 1, 1965.

CHARLES GINSBERG, CHARLES MURDOCK, for plaintiff in error.

ROTHGERBER, APPEL & POWERS, IRA C. ROTHGERBER, JR., for defendant in error.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

THIS was a R.C.P. Colo. Rule 60(b) proceeding in the trial court where plaintiff in error, Dorothy A. Eisenson, defendant below, sought relief by Motion filed on June 19, 1963 from a judgment and order in a divorce action in which certain personalty had been awarded to her husband. The property in question was 1933½ shares of Selected American Investors stock worth $18,000, which stock Mrs. Eisenson contended had been given her by defendant in error pursuant to a written property agreement. The trial court denied Mrs. Eisenson relief and she seeks redress by writ of error. We shall refer to the parties as they appeared in the trial court, by name or as wife and husband.

In order to be entitled to relief under Rule 60(b), defendant had to demonstrate to the trial court either mistake, inadvertence, surprise, excusable neglect, fraud, misrepresentation or other misconduct on the part of her husband. By its denial of her motion the trial court in effect found that she did not so prove. We also conclude that no relief can be granted for reasons that hereinafter appear.

The record discloses that the written property agreement of February 5, 1962, which apparently gave defendant nearly all the property of the parties and under which defendant claims ownership of the stock, was preceded by Dr. Jacob M. Eisenson's complaint of December 26, 1961 seeking a divorce; and, it was followed

by a written stipulation of the parties dated April 6, 1962 which provided for certain temporary alimony and attorney's fees for defendant with the further proviso that this "stipulation shall be without prejudice to the rights of the parties in any future determination of property rights, support money, attorney fees and court costs." It also appears that Dr. Eisenson later contended that the agreement of February 5, 1962 was entered into by him under duress for reasons not important here; and he also contends that, in any event, it was merely a negotiation instrument pending final settlement of the differences between the parties. We note that the February 5, 1962 agreement did state that it "shall be subject to the approval and confirmation by the Court"; this approval, however, was never obtained.

At the actual divorce hearing on March 26, 1963, after some apparent acrimony on the part of Mrs. Eisenson, both the Eisensons appeared with their respective attorneys. At that time counsel for the husband made a statement to the court on behalf of the attorneys for both parties. The gist of that statement encompassed the following: that defendant's counterclaim for separate maintenance would be amended to seek a divorce; that her divorce would be noncontested; that her jury trial demand would be withdrawn; that within 48 hours after the decree was signed, Mrs. Eisenson would assign, or properly endorse over to Dr. Eisenson the aforesaid 1933½ shares of stock; that the husband would receive a few personal possessions, pay certain back alimony, pay increased alimony and increased attorneys' fees and also pay up to $2,000 of the current bills of the defendant; and, the parties' income tax situation was explained. Dr. Eisenson's counsel then stated:

"The foregoing constitutes the entire stipulation, merges all previous understandings and stipulations between the parties. Plaintiff is ready now to verify that, himself."

The following pertinent colloquy then took place between the parties, their attorneys and the court:

"THE COURT: Is there anything additional you can think of, Mr. Quiat?" (Mrs. Eisenson's attorney.)

"MR. QUIAT: No, your Honor, it is pretty well covered. Is there anything else? [Addressing Mrs. Eisenson.]

"MRS. EISENSON: I can think of a lot of things, but I guess I'd better not say them.

"THE COURT: Mr. Eisenson, you have heard the stipulation. Is that agreeable to you?

"MR. EISENSON: Yes, your Honor.

"THE COURT: Mrs. Eisenson, you have heard that stipulation?

"MRS. EISENSON: Yes.

"THE COURT: Is it agreeable to you?

"MRS. EISENSON: It has to be.

"MR. QUIAT: He is going to pay the income tax that is on the return?

"MR. ROTHGERBER: Yes. Yes, certainly.

"MR. QUIAT: And if I filed a joint return Mrs. Eisenson might have to pay as much as $1000.

"MRS. EISENSON: I will not agree to it.

"MR. QUIAT: That is correct. I would like to have that incorporated.
"* * *

"MR. ROTHGERBER: Dr. Eisenson, are you verifying that?

"DR. EISENSON: Yes, sir.

"THE COURT: Other than that the Court will approve it.

"MR. QUIAT: As to the mechanics, I wonder if the Reporter could type this up so that we might use it in preparing a decree, type up the stipulation and give it to both counsel."

Following the above quoted excerpts, the court proceeded to hear Mrs. Eisenson's grounds for divorce as a non-contested matter, and the court then stated it

would enter its decree in her favor as soon as it was prepared. At that time, the record discloses an outburst of feeling by the wife against her husband because of her assistance to him in prior years and his alleged conduct in later years. She complained about him receiving the "$18,000," which evidently referred to the stock, because "He violated the marriage. I have made every effort for a reconciliation."

It is now urged that the trial court, in the divorce action, entered its decree without knowledge of the existence of "the property settlement agreement" of February 5, 1962; that defendant had objected "to being required to transfer the stock before the 'Order Judgment and Decree' was signed, and she makes (sic) statements even during the hearing from which it must be inferred that she is not approving of the arrangements included in the statements made by the husband's attorney, and by the time other counsel appeared to represent her, the time for any motions under other rules had expired and it is not equitable or just that the order requiring her to deliver more than $18,000 worth of stock to the Husband operate against her, contrary to the terms and conditions of a formally written executed contract." It is our considered view that none of the above arguments has any merit. In the first place, the record shows a merger of all the parties' agreements into the final one at the time the decree was entered. It was immaterial, under these facts, that the two prior agreements were not expressly called to the court's attention. A party to an action cannot stipulate in open court to one thing and then later change her mind and withdraw that consent. *Griffith v. Griffith,* 152 Colo. 292, 381 P.2d 455 (1963); *Goltl v. Cummings,* 152 Colo. 57, 380 P.2d 556 (1963). And, change of counsel, as here, does not alter an admission made in open court. *Harris Park Lakeshore, Inc. v. Church,* 152 Colo. 278, 283, 381 P.2d 459 (1963). Though defendant objected to one remark at the trial concerning

the income tax, which objection was promptly withdrawn after speaking with her own attorney, such has no weight here; nor can her outburst, once the decree was ordered to be entered, alter the consent once properly given.

■■ Secondly, it is obvious that by the final stipulation, which took place in open court, the wife was receiving additional consideration in the form of increased alimony, enlarged attorneys' fees and new bills being paid, all of which were an enlargement of the husband's obligations under the previous agreement of February 2, 1962 and the stipulation of April 6, 1962. She cannot equitably claim and keep those new benefits and still retain the consideration given therefor. *Irwin v. Irwin*, 150 Colo. 261, 372 P.2d 440 (1962), cited by defendant in connection with her claim that the February 2, 1962 agreement could not be modified (regardless of whether it was merely a negotiation document), has no application to the facts of this case and is not controlling. This is so because once a final stipulation is agreed to concerning property rights, as here, it is not subject to later modification by the court. *Magarrell v. Magarrell*, 144 Colo. 228, 355 P.2d 946 (1960); *Zlaten v. Zlaten*, 117 Colo. 296, 186 P.2d 583 (1947).

There being adequate evidence to support the findings, judgment and decree, the judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE not participating.