214 P.3d 485 (2008)
RESIDENTS AND REGISTERED ELECTORS OF the TOWN OF FRANKSTOWN, Colorado; Ardell Arfsten; Pat Arfsten; David Ayers; Elizabeth Ayers; Victoria Ayers; Sheila Galloway; Jamieson Saraduke; John Braly; Deborah Braly; Randal Manning; and Rachel Wetherly, Petitioners-Appellants,
v.
BOARD OF COUNTY COMMISSIONERS OF DOUGLAS COUNTY, Colorado, Intervenor-Appellee.
No. 07CA1569.
Colorado Court of Appeals, Div. VII.
November 26, 2008.
Certiorari Denied August 3, 2009.
*486 Law Firm of John Evans, L.L.C., John M. Evans, Matthew R. Stalhut, Parker, Colorado; Wheeler Trigg Kennedy, LLP, Marsha M. Piccone, Denver, Colorado, for Petitioners-Appellants.
Lance J. Ingalls, County Attorney, Myron A. Clark, Assistant County Attorney, Castle Rock, Colorado, for Intervenor-Appellee.
Opinion by Judge TERRY.
In this appeal, petitioners, who call themselves the residents and registered electors of the "town of Frankstown," Colorado, contend that the town was incorporated before Colorado became a state. They appeal the trial court's judgment declining to issue an order compelling a non-existent Board of Trustees of the town to hold a reorganization election under section 31-2-301, C.R.S.2008. Because we conclude that Frankstown was not incorporated as alleged by petitioners, we affirm.

I. Background
Petitioners are eleven residents of the town of Franktown. They refer to it as the "town of Frankstown," as it was called in territorial statutes, and they contend it became incorporated under that name. Historical documents show that the letter "s" was later dropped from the town's name.
In June 2007, petitioners filed the following document in the trial court:
Petition for an Order in the Form of Mandamus pursuant to C.R.C.P. 106(a)(2) to Compel the Board of Trustees of the Town of Frankstown to Set a Date for an Election on the Question of the Municipal Reorganization of Frankstown, Colorado, and for the Appointment of Persons to Call and Oversee Said Election Pursuant to C.R.C.P. 70 and/or 57(h).
They named the "Board of Trustees of the Town of Frankstown, Colorado" and "the Town of Frankstown, Colorado" as respondents. The trial court permitted the Board of County Commissioners of Douglas County, Colorado, to intervene, and the County filed a motion to dismiss petitioners' claims.
After a hearing, the trial court, in a detailed and well-reasoned order, held that petitioners had not made the threshold showing, necessary to invoke the provisions of section 31-2-301, that Frankstown had been incorporated before July 3, 1877. Accordingly, the trial court declined to compel the nonexistent Board of Trustees to hold a reorganization election, or to appoint a replacement for the Board under C.R.C.P. 70.

II. Incorporation
Petitioners argue on appeal that the trial court erred in concluding Frankstown was not incorporated before July 3, 1877 because (1) the Colorado Territorial Legislature incorporated Frankstown by legislative act, and (2) the Colorado Territorial Legislature confirmed Frankstown's incorporated status in 1870, thus foreclosing subsequent inquiry into its incorporated status. We are not persuaded.

A. Standard of Review
As presented here, the determination of whether Frankstown was incorporated is a mixed question of fact and law.
When reviewing a mixed question of fact and law, we defer to the trial court's credibility determinations and will disturb its findings of historical fact only if they are clearly erroneous and not supported by the record, while the court's application of the governing statutory standards is reviewed de novo.
Joseph v. Equity Edge, LLC, 192 P.3d 573, 577 (Colo.App.2008); see also Martin v. Union Pacific R. Co., 186 P.3d 61, 69 (Colo.App. 2007) (cert. granted June 30, 2008).
To determine whether petitioners have met the requirements of section 31-2-301, we employ rules of statutory construction. The construction of statutes is reviewed de novo. If the language of a statute *487 is clear, we interpret it according to its plain and ordinary meaning. Davison v. Indus. Claim Appeals Office, 84 P.3d 1023, 1029 (Colo.2004). We also apply general rules of statutory construction to discern the meaning of territorial statutes and acts of the United States Congress from periods relevant to this action.
To the extent the parties rely on the language of documentary evidence appearing in the record, we apply general rules of construction to those documents, and accord the words used their plain and ordinary meanings. See USI Properties East, Inc. v. Simpson, 938 P.2d 168, 173 (Colo.1997).

B. Section 31-2-301
The petition was filed under section 31-2-301, which provides:
Any city or town incorporated prior to July 3, 1877, which has not previously reorganized pursuant to this part 3 may abandon its organization and organize itself under the provisions of this title, with the same territorial limits, by pursuing the course prescribed in this part 3.
Under the plain meaning of the statute, petitioners are not entitled to relief unless they can demonstrate that Frankstown was a city or town incorporated before July 3, 1877.

C. Incorporation by Legislative Act
Petitioners argue that Frankstown was incorporated before 1877 by act of the Colorado Territorial Legislature. We disagree.
Petitioners rely on legal authority dating from 1861. However, because statutory law in effect before that date is also relevant, we begin our inquiry with pre-1861 law.

1. Pre-1861 Law
Before 1861, the area that encompasses the current town of Franktown was part of the Kansas Territory. The Territory was created by the Kansas-Nebraska Act of 1854, 10 Stat. 277. See Barbara Bintliff, Colorado Prestatehood Legal Resources: Sixteenth Century to 1876, in 1 Prestatehood Legal Materials: A Fifty-State Research Guide 156 n. 16 (Michael Chiorazzi & Marguerite Most eds., 2005).
We have not found any authorized legislative materials that prescribed the manner in which towns or municipalities within the Kansas Territory were incorporated. Historical sources indicate that the United States government expressed little interest in the details of governing the Kansas Territory, and that inhabitants set up their own provisional governments. Id. at 147; see also Rodney J. Bardwell, Jr., The Territory of Jefferson, Dicta § 8 at 4-5, 9 (1931) (noting that, in the absence of establishment of territorial law, inhabitants of what is present-day Colorado established the Territory of Jefferson, enacting very comprehensive civil and criminal codes); see also Provisional Laws and Joint Resolutions of the General Assembly of Jefferson Territory ch. XXI, § 1, at 220 (Robertson & Clark Printers 1860) (towns within territory could incorporate by decree of a county court of the Jefferson Territory, acting on petition of a majority of inhabitants, setting forth bounds of the town and praying to be incorporated; the incorporated town would be designated by the name "incorporated town of  (naming it)").
Petitioners presented no evidence dating before 1861 to show that Frankstown was incorporated under federal law, territorial law, or provisional law.

2. 1861 Creation of the Colorado Territory
In 1861, the United States Congress created "a temporary government by the name of the Territory of Colorado," and reposed legislative power for the Territory in the governor and legislative assembly. 12 Stat. 177, §§ 1, 4 (1861).

3. 1861 Territorial Act
Under the authority delegated by the United States in 12 Stat. 177, § 4, the Colorado Territory enacted "An Act to Define County Boundaries, and to Locate County seats in Colorado Territory." 1861 Colo. Terr. Sess. Laws 52. Petitioners argue that this act incorporated the town of Frankstown. We are not persuaded.
*488 The act defined seventeen counties and their county seats, and, regarding the question that concerns us here, provided only that the "county-seat of the county of Douglas is hereby temporarily located at the town of Frankstown," and included a metes and bounds description of the town. Contrary to petitioners' argument, a plain reading of that language indicates nothing about whether Frankstown was legally incorporated.
Moreover, the record supports the trial court's findings that the designation of a town as a county seat did not, by itself, indicate or confer incorporation, and that other references to "the town of ___" in legislation of the period referred to towns that had not been incorporated.

4. 1868 Territorial Act
Petitioners next urge a reading of the 1868 Act concerning "Towns and Cities  Manner of Incorporation  Corporate Powers," 1868 Colo. Terr. Sess. Laws 604, that would cause the use of the words "town of ___" in other territorial legislation to be conclusive proof of legislative incorporation of a town, and specifically of Frankstown. We disagree.
The 1868 Act created a statutory procedure for incorporation, namely that
[w]henever two thirds of the taxable electors of any town, or village, in this territory shall present their petition to the county commissioners ... setting forth the metes and bounds of such town ... and the name whereby such inhabitants desire to be incorporated, and praying for the incorporation of such village, or town,
the town shall be "a body politic and corporate, by the name of `The town of ___.'" It is undisputed that Frankstown was not incorporated in the manner provided in this Act.
Nevertheless, petitioners contend the 1868 Act's reference to the term "the town of ___" shows that only incorporated towns were referred to by that designation, and that, by having referred to the "town of Frankstown" in the 1861 Act, the Territorial Legislature had legislatively incorporated Frankstown in 1861. Even if we were to accept petitioners' reading of the 1868 Act  which we do not  they have not explained how the 1868 Act could have retroactively caused the Territorial Legislature's use of the term "town of Frankstown" in the 1861 Act to constitute an act of legislative incorporation. We therefore reject this contention.

5. 1870 Territorial Act
In 1870, the Territorial Legislature amended the 1861 Act. 1870 Colo. Terr. Sess. Laws 166. It redesignated "the town of Frankstown" as the temporary Douglas County seat, and provided a metes and bounds description different from that given in the 1861 Act, reflecting the fact that the town had changed location. Contrary to petitioners' contention, nothing in the 1870 Act demonstrates legislative incorporation of Frankstown.
Construing the unambiguous language of the 1861, 1868, and 1870 Acts according to their plain and ordinary meaning, we agree with the trial court's conclusion that reference to Frankstown as "the town of Frankstown" was not evidence that the Territorial Legislature incorporated Frankstown.

D. Challenge to Findings of Fact
Because they are supported by the record, we also reject petitioners' challenge to the trial court's factual findings concerning incorporation.
The documents submitted by petitioners do not support their contentions of incorporation. The list of towns and cities referenced by petitioners nowhere indicates that it is a list of incorporated towns or cities. We note that the 1885 Act entitled "To Enable Any City or Town in this State to Change its Name," which requires that such a list be compiled, does not include a requirement that the listed towns or cities have been incorporated. 1885 Colo. G.L. 380.

III. Moot Contentions
Because petitioners failed to establish that Frankstown was incorporated before 1877, we need not address their contention that the trial court misapplied the provisions of the 1877 Territorial Act. Colo. G.L. 1877, ch. 2743, §§ 102, 104, at 918-19 (§ 104 provided that the powers and duties of cities and *489 towns incorporated before enactment of the 1877 Act "shall not be affected" by the Act's repeal of laws concerning organization and government of incorporated cities and towns, but provided no such protections for towns not incorporated before enactment).
Moreover, petitioners are not entitled to any relief under section 31-2-301, because they did not establish that Frankstown was incorporated before July 3, 1877.
For the same reason, petitioners' contention that the trial court erred in denying their petition to compel the non-existent "Board of Trustees of Frankstown" to hold a reorganization election and declining to appoint persons to serve as the Board under C.R.C.P. 57(h) is moot. See Sherman v. City of Colo. Springs Planning Comm'n, 763 P.2d 292, 295 (Colo.1988) (the decision to award mandamus relief is in the trial court's discretion, and is only appropriate where, among other requirements, a plaintiff has a clear right to the relief requested).

IV. Intervention
Finally, petitioners contend the trial court erred in "impliedly allowing" Douglas County to intervene, and request that the case be "remanded for consideration without the County's participation." We decline to address this argument because it was waived. See Eisenson v. Eisenson, 158 Colo. 394, 398, 407 P.2d 20, 22 (1965) ("A party to an action cannot stipulate in open court to one thing and then later change ... [its] mind and withdraw that consent.").
Petitioners failed to comply with the requirement of C.A.R. 28(k) that the party raising an appellate issue must, under a separate heading, provide "a citation to the precise location in the record where the issue was raised and ruled on." Our own review of the record shows the following statements, contained in a pleading filed by petitioners:
The Petitioners do not object to Douglas County having its day in court.
....
Denying Douglas County will result in an Appeal [sic], delay, more litigation, costs and court time.
....
A one-day hearing should be set; an honorable, adversarial hearing ... so the Court may decide, on a complete record: 1) whether Frankstown exists; and simultaneously 2) whether Douglas County should be involved. These two issues are interdependent.
We conclude that petitioners waived their objection to the County's intervention.
The judgment is affirmed.
Judge GRAHAM and Judge FURMAN concur.