**Clarence L. LeBUS, Appellant,**

**v.**

**Nancy Saufley LeBUS, Appellee.**

Court of Appeals of Kentucky.

Oct. 7, 1966.

Rehearing Denied Dec. 9, 1966.

E. F. Schaeffer, Jr., Kincaid, Wilson & Trimble, Lexington, Clay Shackelford, Shackelford, Burnam & Thompson, Richmond, for appellant.

Robert M. Odear, Stoll, Keenon & Park, Lexington, for appellee.

DAVIS, Commissioner.

This appeal seeks reversal of an order of the trial court increasing the maintenance allowance for three children of the parties. This marks the second appearance of this domestic relations case in this court. See LeBus v. LeBus, Ky., 382 S.W.2d 873. In an effort to minimize confusion, we shall refer to the appellant as Mr. LeBus and to the appellee as Mrs. LeBus.

Mr. LeBus presents four assignments of error: (1) The chancellor failed to make findings of fact as required by CR 52.01; (2) the chancellor denied Mr. LeBus the right of effective discovery procedure; (3) the chancellor abused his discretion in increasing the maintenance payments without a showing of changed circumstances, and (4) Mr. LeBus did not have a fair and impartial trial of the issues.

On October 16, 1964, these parties entered into a written agreement relating to settlement of their property rights and, in so far as legally permissible, the matter of custody of their three infant children and the payment by Mr. LeBus to Mrs. LeBus of maintenance for the children. The parties were divorced by judgment entered October 17, 1964, and the agreement of October 16, 1964, was incorporated into and approved by the divorce judgment. On September 2, 1965, Mrs. LeBus filed a motion for an increase in the monthly maintenance allowance for the children. There

followed various motions and rulings on the motions; Mrs. LeBus answered certain interrogatories propounded to her, and also gave her deposition and testified orally before the trial judge. The trial judge made an order temporarily increasing the maintenance payments to a total of $850 per month on October 2, 1965. On November 30, 1965, the chancellor entered an order fixing the maintenance allowance at $850 per month permanently, or until some further order. It is from the latter order that this appeal is prosecuted.

■ There is no merit in the contention that the order must be overturned because of the court's failure to make findings of fact. CR 52.01 specifically excepts rulings upon motions from its mandate. It would have been better practice for the trial court to make findings of fact, but the cited rule does not make it mandatory. Inasmuch as the chancellor made findings of fact and conclusions of law in the divorce action (the record of which is before us) the transcribed evidence in the proceedings on the motion makes the court's ruling susceptible to review without an additional finding of fact.

The record refutes the claim that Mr. LeBus was denied an opportunity to have discovery proceedings. Included in an order entered October 2, 1965, is the following language: " * * * it is further ordered and adjudged that the defendant's [Mr. LeBus] motion for an additional five (5) days in which to further respond to plaintiff's motion and for at least thirty (30) days thereafter for the use of discovery procedures be sustained as to the hearing for a permanent increase in maintenance payments, but same is overruled as to the hearing on the motion for temporary increase thereof." We do not find of record any motion or other application by Mr. LeBus for use of discovery procedures which were denied to him. It was not until November 30, 1965, that the court rendered his ruling on the motion for permanent increase.

The third assignment of error urged by Mr. LeBus is predicated upon the assertions that there has been a failure of proof of any such change in circumstances as would warrant the increase. Complaint is made that Mrs. LeBus did not present an intelligible accounting of her expenditures so as to justify the conclusion that the increased allowance for the children was necessary. Mrs. LeBus did present a large number of cancelled checks, and testified that for a twelve-month period beginning August 1, 1964, her actual outlay for the three children's expenses amounted to more than $11,900. About the only "changes" in circumstances to which she testified were that another of the children has entered pre-school training, costs of living have risen, and the salary of a maid has been increased slightly.

■ Some of our cases have made reference to the importance of showing a change in conditions before any change in maintenance allowance for children shall be made. See, for example, Keith v. Keith, 270 Ky. 655, 110 S.W.2d 424, an authority relied on by Mr. LeBus. But KRS 403.070 pointedly omits reference to "change" as a condition precedent to the court's power to modify its orders relating to custody and maintenance of children incident to divorce cases. As noted in that statute, and as often stated in our decisions, the interest and welfare of the children is the principal consideration in such proceedings. Mr. and Mrs. LeBus entered upon an agreement which provided maintenance payments of $200 per month per child—a total of $600 per month. Mr. LeBus has paid punctually the stated sums. Mrs. LeBus has asserted that the sum is not adequate in light of actual experience. Cf. Messer v. Drees, Ky., 382 S.W.2d 209, in which "change in condition" is said to be shown when subsequent events indicate that an award of compensation was induced by a misconception. We think that principle is applicable here.

Mrs. LeBus adduced considerable evidence to support her claim. It is true, as Mr. LeBus complains, that her evidence did not present with mathematical nicety the exact sums spent for each child—nor is it entirely certain that all of the outlays of money redounded to the use and benefit of the children. It may well be that Mrs. LeBus used some of the $11,000 plus for herself. It is not amiss to point out that Mrs. LeBus should maintain better records, and should avoid commingling alimony payments made to her with maintenance payments which she receives for the children. This fact alone, however, should not be made the basis for depriving the children of payments needed for their appropriate maintenance.

It is proper to state that Mr. LeBus is a scion of a wealthy family. He testified to his future interest in a trust fund which he estimated to be valued at "* * * a little over seven million dollars." The record justifies the plain inference that the children of these parties will, in the normal course of affairs, be expected to take their places in an affluent society. It appears certain that had Mr. and Mrs. LeBus not been divorced these children would have been reared in circumstances requiring a monetary outlay of as much or more than has been fixed by the chancellor. No reason appears why they should suffer the consequences of the inability of Mr. and Mrs. LeBus to get along as husband and wife. It is not improper to point out that in considering the welfare of the children it must be contemplated that they may become relatively wealthy through inheritance—if they are reared in comparatively straitened circumstances it is not unlikely that a sudden change to independent wealth could have an undesirable effect. At any rate, we are not persuaded that the raising of the monthly allowance was an abuse of the chancellor's discretion; on the contrary we find the ruling to be in keeping with the evidence.

Mr. LeBus suggests that he has some basis for suspicion that he has not been accorded a fair trial. The implication is that the trial judge was biased in favor of Mrs. LeBus. If Mr. LeBus ever entertained any such suspicion he failed to take any legal step which would enable this court to review any such claimed error. In deference to propriety we comment that the record before us does not warrant any assertion that the trial judge evinced any bias in the case.

The judgment is affirmed.