**Nelson G. BICKEL, Appellant,**

v.

**Alice F. BICKEL, Appellee.**

Court of Appeals of Kentucky.

June 20, 1969.

Wallis H. Manske, Louisville, for appellant.

David L. Gittleman, Louisville, for appellee.

REED, Judge.

After nine years of an unsuccessful marriage, Alice Bickel sued her husband, Nelson Bickel, for a divorce and sought custody of the only child (a son named Craig) born as a result of the marriage.

The divorce suit was instituted in February of 1967. As the result of an unreported evidentiary hearing, temporary custody of Craig was placed with the father, Nelson. In February of 1968, one year later, the trial judge granted Alice a divorce and further awarded her custody of Craig. This had the effect of transferring Craig's custody from his father back to his mother. Nelson appeals from that part of the judgment granting custody of the child to Alice. He contends that the trial judge's determination constituted an abuse of discretion and was based on factual findings which were clearly erroneous.

The parties were married in 1958. Later that year, Craig was born. In February of 1967, Alice left the home of her husband, secured an apartment and filed suit for divorce. She left Craig with his father in the home which had been established during the marriage. Thereupon, Nelson's parents moved into the home, and during the pendency of the divorce case, which took a year to culminate in a judgment, Craig lived with his father and paternal grandparents. Alice constantly sought his custody.

The evidence was directly conflicting concerning Alice's capabilities as a homemaker and also her general fitness as a parent in whom custody of a nine-year-old boy should be placed.

Upon this conflicting evidence, the trial judge resolved these issues in Alice's favor. Hence, we are unauthorized to characterize these findings as clearly erroneous. CR 52.01.

A more serious issue exists, however, in that Nelson seriously contends that Alice was guilty of such moral delinquency as should preclude her as a proper custodian of this child.

Suffice it to say, that while Nelson's evidence did not prove directly, promiscuous sexual relations with other men on Alice's

part, it did establish, if believed, that her conduct with members of the opposite sex was extremely indiscreet even to the point of engaging in conduct which would be generally described as indecent. Alice denied so conducting herself and the source of the evidence undertaking to establish that she did so came from young, male, unmarried relatives of the parties. The trial judge chose not to believe this evidence.

In view of the bitterness of the controversy, the involvment of the respective families and the family relationship of the witnesses, the trial judge was presented with a delicate problem of credibility. The credibility of witnesses is usually left to the fact finder. In the instant situation, the matter of credibility was critical. The trial judge personally observed the parties and the witnesses. We are left only with a printed record. We cannot say that the evidence establishing Alice as morally unfit was so clear, convincing or overwhelming as to authorize us to characterize the decision of the trial judge not to believe it to be clearly erroneous.

Child custody cases are invariably difficult. We are not free from all doubt in this case. We are confident that some doubt often plagues trial judges. The primary rule in a child custody case is to do that which is best for the child. Davis v. Davis, Ky., 431 S.W.2d 866. The welfare of the child is paramount and the desires and feelings of the contesting adults must yield to that paramount interest. Too often the child is used as a pawn between bitter and contesting adults—each desiring to punish the other and secure community approval by obtaining custody of the child as a reward, and assure denial of custody of the child to the former marital partner as a penalty.

In this case, after the separation of his parents, the child lived with his father and paternal grandparents for a year. He probably suffered some degree of emotional trauma from being uprooted and placed in a strange environment when placed with his mother. He now has been with his mother since February of 1968.

There is no thorough expression of the desire of the child in the record before us. He is now eleven years old. There is an indication in the record that during a subsequent hearing concerning visitation the child expressed a wish to be with his father. This, of course, cannot be dispositive, but the child's desire is a relevant factor to be considered by the trial judge. Cf. Smith v. Smith, Ky., 429 S.W.2d 387.

In Borjesson v. Borjesson, Ky., 437 S.W.2d 191, the finding of the trial judge awarding custody of a child to the mother was found to be clearly erroneous. There the evidence was overwhelming that at the time of the determination it was to the child's best interest to be in his father's custody. In view of the fact, however, that the child had actually been with his mother for an extended time during the pendency of the appeal, we were able to direct the trial court to make a redetermination of the matter of custody in the light of present conditions. We are not able to direct such disposition here since we cannot characterize the factual findings as clearly erroneous nor the trial judge's decision as an abuse of discretion.

Nevertheless, the trial judge retains a continuing supervision over this situation, and in the event Nelson desires to seek a redetermination of custody, he is free to do so. In that event, the relevant considerations would include Alice's demonstration of fitness or lack of it since the entry of judgment, the desires and progress of the child, together with all of the other innumerable factors which enter into a determination of custody. Such determination must be made by the trial judge.

As in Watson v. Watson, Ky., 434 S.W.2d 33, which demonstrates some common factual similarities to the instant case, we acknowledge this to be a difficult case. Our determination on this appeal is that we are unable to find the judgment appealed

from erroneous. This is without prejudice to a redetermination of the matter based upon subsequently developed conditions if such redetermination is properly sought.

The judgment is affirmed.

All concur, except MONTGOMERY, C. J., who dissents.

MONTGOMERY, Chief Justice (dissenting).

I cannot agree with the majority opinion. In my opinion the conduct of Alice Bickel with a teen-age boy and with certain named men is incompatible with the best interests of her son, Craig Bickel. This court has many times said that the best interest of the child is the controlling consideration in a child custody case. Inasmuch as the father of the child, Nelson Bickel, is shown to be of good character and a suitable person to have custody, and further has a suitable and proper home in which his father and mother live and who are willing to assist in taking care of Craig, I feel that the best interests of this child demand that the custody be placed with the father.