**Bessie Tucker SPURLIN, Appellant,**

v.

**Evans Clay SPURLIN, Appellee.**

Court of Appeals of Kentucky.

June 26, 1970.

Elwood Rosenbaum, Rosenbaum & Smith, Lexington, for appellant.

Charles R. Coy, John M. Coy, Coy & Coy, Richmond, for appellee.

STEINFELD, Judge.

This is an appeal by the mother from an order increasing the maintenance for the two daughters of a divorced couple. She contends the increase was insufficient. We affirm.

Appellant, Bessie Tucker Spurlin, was granted a divorce from appellee, Evans Clay Spurlin. She appealed from that part of the judgment dealing with financial matters, but while the appeal was pending an agreement was reached with respect to those issues, therefore, the appeal was dismissed.

The wife received their Lexington residence worth approximately $37,500.00. She sold it on October 10, 1966, and bought a $24,000.00 home in Richmond into which she moved with her daughters, Kathie and Margie, then ages 13 and 11. Their son stayed with his father. Eight days thereafter the litigants executed an "Agreed Order and Judgment" which in part provided:

"7. It is further agreed between the parties that for the present the defendant is to pay to the plaintiff for the maintenance and support of the infant children of the parties, namely, Kathie and Margie Spurlin, the sum of $400.00 per month and that the defendant is to pay for maintenance, support and medical expenses of the infant son of the parties, Jeffrey Spurlin."

Two years later Mrs. Spurlin sought an increase in child maintenance " * * on the ground that circumstances are changed since the entry of the original order in that the Defendant is now able to pay more and the party's infant children are in need of an increased allowance."

Appellant claims that Mr. Spurlin now has an annual income of $60,000.00, an amount much greater than when the agree-ment was made, and she introduced evidence to support that contention. She argues that the increase in income and ages of the two girls was a substantial change in condition requiring a much larger allowance. She relies on LeBus v. LeBus, Ky., 408 S.W.2d 200 (1966), which held that it is the obligation of a father in a divorce proceeding to provide for the children a station in life comparable to that they occupied prior to the divorce if the financial position of the father will permit.

Mr. Spurlin testified that his income had not increased and he contended that the needs of the girls had been grossly exaggerated.

After hearing testimony of seven witnesses and examining many exhibits the trial court rendered an opinion and ordered as follows:

"In fixing the sum to be awarded as maintenance for minor children, *the Court should have principally in view the interests and welfare of the children.* KRS 403.070.

In October, 1966, the parties to this action, by written agreement, fixed $400.00 per month as the sum to be paid by the defendant to plaintiff for the support of the parties' two daughters.

Having observed plaintiff and defendant throughout the lengthy trial of this action, and in other hearings, the Court has become convinced that plaintiff and defendant are each fully capable of protecting their respective interests when negotiating a bargain. Moreover, the Court concludes from this observation that Mr. Spurlin wants to provide what is *needed* by his two daughters for their proper rearing, which, however, is not to say that he has exhibited any desire to lavish money upon them.

A second element to be considered upon motion for modification of an award of maintenance either by way of increasing or decreasing the original

award is a change of conditions since the original award. See DeSimone v. DeSimone [Ky.], 392 S.W.2d 68, and LeBus v. LeBus [Ky.], 408 S.W.2d 200, both of which decisions are cited and relied upon by the parties.

Has there been a material change in the conditions of the parties since the agreed order?

The defendant is engaged in several ventures, including farming, operating a trailer court, speculating in real estate, and serving as a real estate broker. He is what is sometimes colloquially referred to as a "wheeler-dealer". Parenthetically, his former wife has evidenced similar tendencies in a lesser degree.

It is difficult to arrive at Mr. Spurlin's net worth. He has a large gross income, but his indebtedness is also large, as are his taxes. All in all, the Court is not convinced from the evidence that there has been a significant change for the better in his overall financial position since the 1966 order.

If there has been an actual change in conditions, it is that the girls, in the thirty months which have elapsed since the 1966 order, have become teenagers. The Court recognizes that they have now reached the ages where they will have dates, go to dances and other entertainments, and that as a practical matter, their need for party dresses, shoes and other accessories will have greatly increased. These items of course will require additional expenditures. The Court concludes that an additional $100.00 per month should be adequate for these added expenses.

It is therefore the judgment of the Court that the defendant shall pay to the plaintiff as maintenance for the parties' two infant daughters the sum of $500.00 per month, beginning upon the entry of an order to that effect."

It ordered that the opinion be considered the findings of fact and conclusions of law required by CR 52.01.

The agreement did not bind the hands of the chancellor. KRS 403.070; Pegram v. Pegram, 310 Ky. 86, 219 S.W.2d 772 (1949) and Bowling v. Robinson, Ky., 332 S.W.2d 285 (1960). The evidence as to the needs of the children, of the income and net worth of the father was conflicting. From its opinion it is apparent that each subject was fully considered by the trial court and we find there was sufficient evidence of probative value to sustain its findings.

Cases cited by appellant, Robinson v. Robinson, Ky., 363 S.W.2d 111 (1962); Clark v. Clark, Ky., 425 S.W.2d 745 (1968); Morgan v. Morgan, Ky., 427 S.W.2d 225 (1968) and Hall v. Hall, Ky., 380 S.W.2d 231 (1964) are enlightening, however, facts in litigation over the maintenance of children are as varied as the fish of the seas. We said in Somerville v. Somerville, Ky., 339 S.W.2d 940 (1960), that:

"The trial court is vested with broad discretion in matters of this kind (alimony, maintenance, custody and periods of visitation) and this Court will not interfere unless that discretion is abused. Renfro v. Renfro, Ky., 291 S.W.2d 46; Wilkey v. Glisson, Ky., 303 S.W.2d 266; Meek v. Meek, Ky., 338 S.W.2d 398."

CR 52.01 provides in part:

"Findings of fact (by the court without a jury) shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." See Bickel v. Bickel, Ky., 442 S.W.2d 575 (1969).

We find nothing to indicate an abuse of discretion or that the findings of fact are clearly erroneous. The order is affirmed.

All concur.