**Sally (Workman) LESTER, Appellant,**

v.

**Nelson LOONEY et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 18, 1970.

Fred B. Redwine, Sanders & Redwine, Pikeville, for appellant.

Harry R. Stamper, Friend & Mullins, Pikeville, for appellees.

STEINFELD, Judge.

This is an appeal from a judgment declaring that Debbie Earlene Workman, age 10, should become the adopted daughter of Ruth Wolford Looney. (For ease in relating the facts we will refer to the parties by their respective given names.) Ruth is the sister of Sally (Workman) Lester, Debbie's mother. Herman Workman, father of Debbie, consented to the adoption but Sally never consented and sought to prevent it. Being unsuccessful she has appealed—we affirm.

Sally was divorced from Herman when Debbie was less than 18 months old. Shortly thereafter mother and child went to live with the Looneys and Debbie has remained there until this day. Sally left to take care of her parents and then for some years she held diverse jobs, sometimes living with her parents, on occasions returning to Ruth's home, and sometimes elsewhere. Ruth claims that her sister promised that she would consent to an adoption; that Sally deserted Debbie and that Debbie's best interest would be for her to become Ruth's child and that of her husband.

The proof showed that during all the years Debbie remained with the Looneys, Sally has contributed not more than $25 to help support her, although on some rare occasions she took groceries to the Looney residence. Sally testified that on one occasion she took "one box full" of groceries and on another "a large cake". Possibly there were one or two other similar incidents. Once Sally bought some clothes and took them to Debbie at school and wanted to take Debbie home with her but Debbie cried and the teacher would not permit her to go. (We are referred to no evidence indicating that Debbie's father provided for her).

Sally contends that the Looneys prevented her from visiting with Debbie every time she made an effort to see her and that they forbade Sally giving toys to Debbie. Sally said she "called once or twice on the phone" and wrote one letter. A number of years ago Sally started court proceedings to obtain possession of Debbie but soon abandoned that suit. She was asked and answered:

"Q. You tried to get the child one time and that has been five years ago? If you have so much feeling for the child, why haven't you tried since then?

A. I didn't get a chance to get hold of her."

The chancellor found that Sally "* * * has abandoned or deserted the infant child, or has * * * continuously neglected and failed to give the infant child parental care and protection, and maintenance and care of said infant child has been supplied by the petitioners." He also found that "The petitioners are of good moral character, of reputable standing in the community and have sufficient

ability to properly maintain and educate the infant child * * *". His conclusion was that Debbie's best interest "* * * will be promoted by the adoption in that she is a happy, well-adjusted child, doing well in school, and to remove her from the only home she has ever known, that of the petitioners, where she desires to live, and place her in the two bedroom home of the defendant (Sally Workman Lester) where three (3) boys, ages ten (10) years, fourteen (14) years and sixteen (16) years reside, none of whom are related to the infant child would emotionally disturb her and cause adverse effects upon her health and well being." The home the chancellor referred to is that of the present husband of Sally, her third. They were married in October 1964.

The decision obviously was a very difficult one for the trial court, particularly because Nelson Looney injured his back, is unable to work and is receiving support through social security disability benefits of $106.50 per month. These benefits would be increased, so says the appellant, if the adoption of Debbie becomes final.

Appellant recognizes that under the provisions of KRS 199.500(4) and KRS 199.-600(1) if a parent is guilty of the neglect and abandonment of a child as provided in the statute, adoption may be granted without consent. We so held in Roark v. Yarbrough, Ky., 411 S.W.2d 916 (1966), wherein we pointed out that while ordinarily consent of the living parents of a child is necessary before adoption an exception is provided for in KRS 199.500(4). We discussed the statutes in Roark so it is unnecessary to do so here.

In Smith v. Wilson, Ky., 269 S.W.2d 255 (1954) and in Williams v. Neumann, Ky., 405 S.W.2d 556 (1966), both adoption cases, we pointed out that the manifest objective of the adoption statutes is to promote the welfare of the child. Here the chancellor found facts which bring this case within the exception provided for in KRS 199.-500(4). His decision was based upon sub-

stantial evidence of probative value which we do not find to be clearly or at all erroneous. We cannot and would not disturb it. CR 52.01. Bickel v. Bickel, Ky., 442 S.W.2d 575 (1969).

The judgment is affirmed.

All concur.