**David Bartine Timothy MYRICK, Jr., Appellant,**

**v.**

**Florence Karl MYRICK, Appellee.**

**No. 15852.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 23, 1972.

Rehearing Denied April 20, 1972.

Shirley & Chilton, Douglas H. Chilton, Texas City, for appellant.

Tom Alexander, Donald B. McFall, Houston (Butler, Binion, Rice, Cook & Knapp, Houston, of Counsel), for appellee.

COLEMAN, Justice.

This is an appeal from an order denying an application to reduce child support payments.

Appellant and appellee were divorced on June 7, 1968. The judgment recites that the parties had entered into a property settlement agreement, which was approved by the trial court and incorporated into the judgment. In this contract appellant agreed to pay for the support of his two children $1100.00 each month from June 1, 1968, through May 1, 1971; $1300.00 each month from June 1, 1971 through May 1, 1973; and $1500.00 each month thereafter until the youngest child reached 18 years of age. The children, a boy and a girl are now eight and seven years of age respectively.

Appellant's testimony, which is corroborated by the property settlement agreement and his income tax returns, reflects that prior to his divorce he had a considerable amount of capital which, together with borrowed funds, he used to trade on the stock market. His income was derived from the profits made in his stock market transactions and the returns from certain spendthrift trusts of which he was the beneficiary. In 1967 appellant had an income, after taxes, of $56,600.00, and in 1968 $63,941.00.

In the divorce settlement the property was divided equally between appellant and appellee. In 1969 and 1970 appellant suffered losses in the stock market which consumed all of his capital. He now has bank loans amounting to approximately $100,-000.00, which he is unable to pay. He owes income taxes from previous years. Appellant's income from the trusts in 1970, after taxes and deductions for necessary business expense, was $14,480.00; and his income after taxes and deductions in 1969 was about $16,000.00, as shown by his income tax returns. His gross income from the trusts for those years was about $35,-000.00. The child support payments required by the judgment amount to $15,-600.00 annually. Appellant testified that his bank account had been attached by reason of his failure to pay his income tax, and that he had been forced to borrow money from friends in order to pay the required child support payments.

Appellee's testimony reflects that at and prior to the time of the trial she was spending only $300.00 to $400.00 each month for the support and education of the children. Her testimony, however, did not include such necessary items as clothing and household expenses. The record discloses that appellant is a descendant of a wealthy family, and will receive very substantial sums of money in the future. He is now attending college and is progressing satisfactorily.

In support of the judgment of the trial court appellee asserts that the court lacked the power to reduce the payments required by the divorce decree because this portion of the decree was not only a judgment of the court, but also a contract between the parties.

Article 4639a, Vernon's Ann.Civ.St., requires the trial court to include in a divorce decree orders regarding the support of minor children, and authorizes the court to require either parent to make periodic payments for such support until such children reach the age of eighteen years. This statute provides: ". . . Said court shall have power and authority to alter or change such judgments, or suspend the same, as the facts and circumstances and justice may require, . . ."

The statute gives the divorce court the power to alter, change or suspend the otherwise final judgment insofar as it relates to the support of minor children. The parties to a divorce case cannot by

contract restrict this authority. While the contract cannot be modified in this action, the terms of the judgment concerning support payments enforceable by contempt proceedings are subject to change "as the facts and circumstances and justice may require." Ex parte Hatch, 410 S.W.2d 773 (Tex.1967); Mobley v. Mobley, 221 S.W.2d 565 (Tex.Civ.App.—San Antonio 1949).

On the 21st day of July, 1970, after a hearing on a previous application to reduce child support payments, the Court of Domestic Relations signed and entered an order reducing appellant's payments for child support to the sum of $600.00 per month for the period from July 1, 1970, to April 1, 1971, at the end of which period appellant was ordered to resume payments in accordance with the original decree. Appellee submits that the evidence does not show a change of conditions since July 21, 1970, and that in the absence of such a showing there can be no change in the support provisions of the previous judgment.

The court granting a divorce has continuing and exclusive jurisdiction to modify and change the provisions of the divorce decree for support of children under the age of eighteen years. The sole source of that authority is Article 4639a, supra. Ex parte Hatch, supra. The provisions of the decree are not final as is the case in regard to the custody provisions. The statute provides that the judgment ordering support payments may be changed as the facts and circumstances and justice may require. The power of the court to amend the judgment is not made dependent on a showing of changed circumstances. It would be a rare case where a court would change its previous order without a showing of a change of conditions, or of some unusual circumstance justifying a change in the order, but the power to modify the decree remains in the court.

It appears from the order of July 21, 1970, that the court found a change of conditions requiring a reduction in child support payments. The order as entered temporarily reduced the child support payments, but the change of condition requiring the reduction has continued. Appellant's ability to make support payments is no greater now than it was on July 21, 1970. The order of July 21, 1970, was in effect a temporary order granting temporary relief. The original order found in the divorce decree is again in effect. Appellant's financial condition has so changed since the entry of the divorce decree as to require a reduction in the child support payments provided therein. Appellant is able to provide support for his children suitable to his and their circumstances in life. His duty corresponds to his financial ability. Gully v. Gully, 111 Tex. 233, 231 S.W. 97 (1921). The record in this case affirmatively shows that the children do not reasonably require the sum of $1,300.00 each month for their care and education at this time, and that appellant's financial condition is such that he should not be required to pay such a sum at this time. Danburg v. Danburg, 433 S.W.2d 784 (Tex.Civ.App.—Houston, 14th, 1968).

The judgment is reversed and the cause is remanded.