ROSALIE KIYOMI LUMSDEN, now known as ROSALIE KIYOMI TATSUGUCHI, Plaintiff/Cross-Defendant-Appellee, *v.* GEORGE HENRY LUMSDEN, Defendant/Cross-Plaintiff-Appellant

NO. 6307

NOVEMBER 29, 1979

RICHARDSON, C.J., OGATA AND MENOR, JJ., AND RETIRED JUSTICE KOBAYASHI AND CIRCUIT JUDGE CHANG ASSIGNED BY REASON OF VACANCIES

*Per Curiam.* George Henry Lumsden (appellant) appeals from a portion of an order filed May 12, 1976, amending the decree of divorce, filed on May 22, 1972, dissolving the marriage of appellant and Rosalie Kiyomi Lumsden, now known as Rosalie Kiyomi Tatsuguchi (appellee). The sole issue addressed by this court on appeal is the increase and continuation of the amount payable by appellant for the support and maintenance of appellee.

The decree of divorce stated, *inter alia,* the following:

(b) *Alimony:* The terms of the stipulated order[1] of November 12, 1971 shall continue in effect from November 1971 through March 1972. Commencing in

---

[1] The stipulated order dated November 12, 1971, provided:

(1) That Plaintiff shall have temporary custody and control of the minor child of the parties subject to Defendant's rights of reasonable visitation.

(2) That Defendant shall pay directly:

a. Mortgage payments (1st and 2nd) each month on the residential premises of the parties.

b. Utility payments on the residential premises of the parties, including water, electricity and telephone.

c. The expenses of Plaintiff for car operation, maintenance, and insurance and to facilitate this, Defendant will furnish Plaintiff with an oil company credit card.

d. All regular medical and dental expenses of Plaintiff and child. Elective procedures shall be by agreement of the parties.

(3) Defendant shall pay to Plaintiff in addition for support of Plaintiff and child $70 per week, payable in bi-weekly installments of $140, commencing on November 5, 1971, payable every other Friday directly to Plaintiff until further order of this Court.

(4) Defendant shall pay to Plaintiff's attorney Charles B. Dwight, III, toward temporary attorney's fees $200 and *$24.00* costs, within 45 days.

April 1972 and continuing through September 1972, defendant is ordered to pay to plaintiff as and for her support and maintenance, the sum of $400 per month; thereafter defendant shall pay $300 a month for twelve months; and thereafter $150 per month until the further order of the Court. . . .

On May 22, 1975, the appellant filed an "Order to Show Cause After Order or Decree" seeking modification of the terms of the divorce decree with respect to the support of appellee. The appellant sought relief from the requirement of supporting the appellee on the ground that:

"The plaintiff has had sufficient time to rehabilitate herself financially and has willfully failed to do so. The plaintiff has failed to obtain gainful employment after obtaining the additional education requested at the contested hearing on the divorce previously granted herein."

On May 30, 1975, the appellee filed her own "Order to Show Cause After Order or Decree" seeking modification in the existing orders with respect to the support of the minor child and with respect to the support of the appellee. The affidavit of the appellee filed in support of her order to show cause stated, in pertinent part, as follows:

That Paragraphs 4(a) and 4(b) of the Decree Granting Absolute Divorce and Awarding Child Custody be modified respectively to increase child support from $125 monthly to $280 monthly, and to increase alimony from $150 monthly to $383 monthly, the total of said increases being in the amount of $388 per month, effective October 5, 1973;

That the increased support for the months of October, 1973 to May, 1975, inclusive, in the total amount of $7,372.00, be paid in monthly installments of $200.00 beginning on the date of June 5, 1975, to June 5, 1978, inclusive;

That said increases are reasonable and necessary since Affiant's reasonable and necessary monthly expenses for her daughter and herself exceed her monthly income by approximately $388.00; . . .

. . . That said increases are reasonable and necessary in the light of material changes in the cost of living due to price increases and inflation;

That said increases are reasonable and necessary in the light of material and substantial increases in the income of Defendant/Cross Plaintiff, who has been promoted to partnership status in the nationally prominent CPA firm of Haskins and Sells;

That since the Decree Granting Absolute Divorce and Awarding Child Custody, filed May 22, 1972, Affiant has substantially sought to rehabilitate herself and in 1974 was accepted and enrolled in a University of Hawaii doctoral program in clinical psychology which program Affiant has been diligently pursuing;

That Affiant seeks only to have her alimony, with the increases prayed for, continued until the end of said program and the achievement of her doctorate.

## STATEMENT OF FACTS

The record shows the following facts, among others:

The appellant and appellee were married in 1961. Both of the parties completed their education for advanced degrees during the marital period. Appellee received her Bachelor of Arts degree in philosophy with a minor in Asian Studies from San Jose College in 1961 and obtained her Professional Certificate (as a teacher) from the University of Hawaii in 1965. From 1966 through 1969 appellee was employed as an elementary school teacher while appellant worked as an auditor with CPA firm Haskins and Sells. By mutual agreement of the parties, appellee discontinued working in 1969 to spend time as housewife and mother to the adopted child of the parties, and in order to assume the social obligations resulting from appellant's work.

On or about October, 1971, at the time of the filing of the complaint for divorce, the appellee decided to pursue additional education in order to achieve a master's degree in educational psychology from the University of Hawaii.

In September, 1973, the appellee decided to pursue additional education in order to achieve a doctorate degree in clinical psychology.

The appellee worked part time until September, 1973, resigning her last position, at the University of Hawaii Admissions Office, after being accepted into the clinical psychology program. The appellee obtained the master's degree on or about August, 1974. She did not seek any employment after she received her master's degree, but continued to devote herself to her studies for a doctorate degree on a full-time basis. Appellee was expected to receive her doctorate in clinical psychology in August, 1978.

Appellant, after the separation of the parties, continued to rise in his career, attaining the status of partner at Haskins and Sells in June, 1974, with a commensurate increase in salary.

Subsequent to multiple hearings upon the respective orders to show cause, the district family court found that although "the obtaining of a master's degree from the university constitutes substantial rehabilitation," it also found that appellant's "income is sufficient to permit his financing the appellee's continued education," that the appellee's further education would benefit both herself and the child, and therefore ordered that the decree of divorce filed May 22, 1972, be amended, *inter alia*, in the following respect:.

2. That alimony be increased to $400 a month, payable in two equal installments of $200 each on the 5th and 20th days of each month, effective June 5, 1975, said payments to continue through a) August, 1978, or b) until the Plaintiff obtains her doctorate degree, or c) until the Plaintiff ceases to be a full-time student pursuing her doctorate in clinical psychology, whichever event, a, b, or c, occurs first.

The record reflects that at the time of the divorce, in 1972, it was appellee's intention to only seek a master's degree and she requested alimony for a period not to exceed 24 months. The family court ordered that appellant contribute to appellee's support in the amount of $400 from April, 1972 to Sep-

tember, 1972, $300 for the next 12 months, and $150 until the further order of the court.

Without expressly ruling upon appellant's order to show cause to discontinue alimony, the district family court granted appellee, among other things, an increase and extension of alimony. We reverse in part, and remand for further proceedings.

The issue presented focuses upon the award of continued and increased alimony for appellee's education, based on the provisions of H.R.S. § 580-47 (1976).[2]

In *Richards v. Richards*, 44 Haw. 491, 516, 355 P.2d 188 (1960), this court stated: "The amount of alimony is to be determined upon a realistic appraisal of the situation of the parties *at the time of the divorce*." (Emphasis added.) Here, the record reflects that at the time of the divorce, it was

---

[2] The statute provided in pertinent part that:

A court may make such further orders as shall appear just and equitable . . . compelling either party to provide for the support and maintenance of the other party . . . . In making such further orders, the court shall take into consideration the respective merits of the parties, the relative abilities of the parties, the condition in which each party will be left by the divorce, the burdens imposed upon either party for the benefit of the children of the parties, and all other circumstances of the case, . . . .

Upon the motion of either party supported by an affidavit setting forth in particular a material change in the physical or financial circumstances of either party, or upon the motion of the party against whom an order was entered supported by an affidavit setting forth in particular that the other party, although able and capable of substantially rehabilitating himself or herself financially, has wilfully failed to do so, the moving party may, in the discretion of the court, and upon adequate notice to the other party, be granted a hearing. . . . The court, upon such hearing, shall consider all proper circumstances in determining the amount of the allowance, if any, which shall thereafter be ordered.

We note that subsequent to this action, this section was amended to specifically allow for support and maintenance for educational purposes. *See* HRS § 580-47(a) (1978 Supp.)

In addition, we note that this section was also amended by the deletion of the phrase,

upon the motion of the party against whom an order was entered supported by an affidavit setting forth in particular that the other party, although able and capable of substantially rehabilitating himself or herself financially, has wilfully failed to do so . . . .

and substitution of the phrase, "upon a showing of good cause . . . ." *Id.* 580-47(d).

appellee's intention to seek a master's degree alone, and that her decision to pursue a doctorate was reached some time in 1973, 16 months after the initial divorce proceedings had been concluded. Appellee received sufficient alimony under the terms of the divorce decree filed May 22, 1972, to successfully obtain her master's degree in 1974. It is clear from the record that appellee's pursuit of a doctorate was never contemplated by either party during marriage or at the time of the divorce and, in fact, originated at a much later time. While it is true that an award of alimony may be amended upon a showing of a "material change in the physical or financial circumstances of either party . . .," H.R.S. § 580-47 (1976), an increase of rehabilitative alimony, in our opinion, is an abuse of discretion on the part of the district family judge where that court has found that ". . . it cannot be denied that the obtaining of a master's degree from the university constitutes substantial rehabilitation." The appellee failed to show, and the court failed to find, that notwithstanding the obtaining of the master's degree, appellee was not able and capable of substantially rehabilitating herself financially. Appellee's desire for additional education is insufficient, under the facts herein and the relevant provisions of HRS § 580-47 (1976), to justify the increase in alimony.

Resolution, however, is necessary on whether the appellant must continue to pay alimony to appellee in the sum of "$150 per month until the further order of the Court" as initially decreed by the family court.

The district family court failed to specifically address this issue.

The appellant contends that appellee "has had sufficient time to rehabilitate herself financially and has willfully failed to do so . . . [by] fail[ing] to obtain gainful employment after obtaining [her master's degree]." In *Richards, supra,* 44 Haw. at 517, 355 P.2d at 202, this court noted that:

> . . . There may be situations which require consideration of factors other than income in arriving at a just result, such as, . . . where either party, . . . fails to use his or her talent in income producing endeavors.

After receiving her master's degree, the record shows clearly that appellee, by her own choice, did not seek employment but chose instead to continue as a full time student at the university. *Morgan v. Morgan*, 366 N.Y.S.2d 977, 81 Misc.2d 616 (1975), 383 N.Y.S.2d 343 (1976),[3] relied upon by the appellee, lacks clarity in its rationale and fails to support either appellee's or appellant's contentions herein.

In our opinion, further proceedings are necessary to determine whether the appellee was able and capable, after obtaining the master's degree, of substantially rehabilitating herself financially, to the extent that the $150 monthly alimony was no longer necessary.

Appellant raised two other subsidiary issues in this appeal; however, given the result herein, it is not necessary to consider those issues.

Reversed and remanded for further proceedings consistent with this opinion.

*Michael F. McCarthy (Hamilton, Gibson, Nickelsen, Rush & Moore* of counsel) for defendant/cross-plaintiff-appellant.

*John E. Tam* for plaintiff/cross-defendant-appellee.

---

[3] Neither party cited the appellate case, *Morgan v. Morgan*, 383 N.Y.S.2d 343 (1976).