**William M. LARSON, Appellant,**

v.

**Patricia Ann LARSON, Appellee.**

**No. 6474.**

Supreme Court of Alaska.

April 1, 1983.

---

Lee Holen, Anchorage, for appellant.

Judith J. Bazeley, Anchorage, for appellee.

Before BURKE, C.J., and RABINOWITZ, MATTHEWS and COMPTON, JJ.

## OPINION

MATTHEWS, Justice.

This appeal concerns the propriety of a judgment modifying spousal support ordered in a decree of dissolution of marriage. The superior court concluded that sufficient grounds existed for modification pursuant to AS 09.55.220.[1] We disagree and therefore reverse.

In a petition seeking dissolution of marriage filed April 7, 1978, William Larson agreed to pay spousal support to Patricia Larson in the amount of $1250 per month for a period beginning June 1, 1978 and ending May 1, 1981. Performance of that agreement, among others, was ordered by the superior court in a decree dissolving the marriage entered May 15, 1978. The purpose of spousal support was to enable Mrs. Larson to complete her education and thereby become financially independent.

Both parties apparently contemplated that Mrs. Larson's educational goal was to attain a Ph.D. in Art Education so that she would be qualified to teach at the universi-

---

1. AS 09.55.220 provides:

*Modification of judgment.* Any time after judgment, the court, upon the motion of either party, may set aside, alter, or modify so much of the judgment as may provide for alimony, or for the appointment of trustees for the care and custody of the minor children, or for their nurture and education, or for the maintenance of either party to the action.

ty level. At the time of the decree ordering dissolution Mrs. Larson believed that she would require four years of study to achieve that goal. However, during Mrs. Larson's second year of course work her doctoral advisor discovered that she had no teaching certification, whereupon Mrs. Larson was informed that an additional year would be necessary to complete her doctoral program.

On ·June 4, 1981 Mrs. Larson moved in superior court to modify the decree of dissolution entered May 15, 1978. She sought, among other things, an order requiring Mr. Larson to continue payments of spousal support for an additional two years. The superior court found that the necessity of an additional year of studies constituted a material and substantial change of circumstances and for that reason ordered Mr. Larson to pay $1350 per month as spousal support for two more years. Mr. Larson appeals from that order.

As the superior court correctly observed, to modify a support decree pursuant to AS 09.55.220 a material and substantial change in circumstances is generally required. *Curley v. Curley,* 588 P.2d 289, 291–92 (Alaska 1979). However, the superior court incorrectly applied that test. There is no

evidence in the record of any change in circumstances relating to the time required for Mrs. Larson to obtain a Ph.D. The time she requires is five years, as it has been since the initial decree of dissolution. The only change which has occurred is that Mrs. Larson has discovered her mistake in assuming that she could complete a doctoral program in four years. We hold that the superior court's finding that this mistake was a material and substantial change in circumstances was clearly erroneous. The change in circumstances test relates to changes in external facts, not to mistakes.[2] *See* H. Clark, The Law of Domestic Relations in the United States § 14.9, 456–65 (1968); *see also Ex parte Allen,* 221 Ala. 393, 128 So. 801 (Ala.1930) (holding that a petition for modification of alimony which failed to allege that the conditions upon which relief was predicated did not exist at the time of the divorce decree was fatally defective); *see generally* Annot., 18 A.L. R.2d 10 (1951).

Rules governing relief from final judgments on such grounds as mistake or fraud apply to support awards and property settlements incorporated in divorce decrees.[3] Thus, in order for Mrs. Larson to obtain relief from the provisions of the ini-

---

**2.** In *Headlough v. Headlough,* 639 P.2d 1010, 1012–13 (Alaska 1982) we held that a mistake in the amount needed to support minor children could warrant modification of a child support order under the material and substantial change of circumstances standard. That case is distinguishable however. First, it was a case involving the duty to support dependent children. As our opinion emphasized, the paramount concern in such cases is the best interests of the children. Here by contrast we are dealing with an adult who is quite capable of self-support. As a result, the interest in finality of judgments becomes relatively more important. Second, the change in circumstances standard is not strictly speaking a requirement for modification of child support orders. *See LeBus v. LeBus,* 408 S.W.2d 200, 202 (Ky. 1966); *Myrick v. Myrick,* 478 S.W.2d 859, 861 (Tex.Civ.App.1972); *MaGill v. MaGill,* 133 Wash. 597, 234 P. 273 (Wash.1925); *see also Crowe v. Crowe,* 247 Ind. 51, 211 N.E.2d 164, 166–67 (Ind.1965); *Tank v. Tank,* 272 N.W.2d 831, 832–33 (S.D.1978). Thus, *Headlough* was dictum on this point.

**3.** *See O'Link v. O'Link,* 632 P.2d 225, 228–31 (Alaska 1981) (holding superior court lacked jurisdiction to grant relief from property settlement incorporated in divorce decree where parties' motions for relief were filed more than two years after initial decree was entered); *see also Pittman v. Pittman,* 397 So.2d 139, 141–42 (Ala. Civ.App.1981) (relief from alimony decree); *Collie v. Collie,* 242 Ark. 297, 413 S.W.2d 42, 44 (Ark.1967) (relief from alimony and child support decree); *Kulchar v. Kulchar,* 1 Cal.3d 467, 82 Cal.Rptr. 489, 462 P.2d 17, 19 (Cal.1969) (relief from property settlement); *Eisenson v. Eisenson,* 158 Colo. 394, 407 P.2d 20, 20–21 (Colo.1965) (property settlement); *Richardson v. Richardson,* 3 Kan.App.2d 610, 599 P.2d 320, 322 (Kan.Ct.App.1979) (property settlement); *Kaleal v. Kaleal,* 73 Mich.App. 181, 250 N.W.2d 799, 803 (Mich.Ct.App.1977) (alimony); *Galloway v. Galloway,* 281 N.W.2d 804, 807 (N.D. 1979) (property settlement, custody and alimony); *Qualls v. Qualls,* 589 S.W.2d 906, 909 (Tenn.1979) (alimony); *Gabritsch v. Gabritsch,* 260 S.E.2d 841, 842 (W.Va.1979) (property settlement).

tial decree of dissolution on the basis of her mistake, she must establish that she is entitled to relief pursuant to Civil Rule 60(b).[4] A party seeking relief under that rule on the ground of mistake must make a motion within a reasonable time not more than one year after the original judgment. Here modification was sought more than three years after entry of the initial decree. Mrs. Larson's mistake was therefore not a permissible basis for modification of the decree.

For the foregoing reasons we REVERSE.

CONNOR, J., not participating.

COMPTON, Justice, concurring.

I agree with the result reached in this decision, but disagree with its analysis. In particular, I am of the same opinion as my dissenting colleague, Justice Rabinowitz, that this court's decision in *Headlough v. Headlough,* 639 P.2d 1010 (Alaska 1982), should not be interpreted as permitting the modification of *only* child support awards on the basis that a mistake was made by a party at the time of the award. I believe that *Headlough* should be interpreted as also permitting the modification of a spousal support award on the basis that a mistake was made by a party at the time of the award. As indicated by Justice Rabinowitz, the statute granting courts the authority to modify divorce and dissolution judgments (AS 09.55.220) makes no distinction between child support and spousal support awards. There simply is no statutory basis for assuming that the legislature intended different standards to be applied in the modification of spousal and child support awards. 661 P.2d at 631–632 (Rabinowitz, J., dissenting).

I nonetheless agree with the result reached in this decision, however, because I believe that what Mrs. Larson seeks is properly characterized as relief from a final judgment, governed by Alaska Civil Rule 60(b), rather than the modification of an award of spousal support under AS 09.55.-220. Civil Rule 60(b) provides in relevant part as follows:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise or excusable neglect;

.     .     .     .     .

(3) fraud ...

(6) any other reason justifying relief from the operation of the judgment.

The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

Mrs. Larson is seeking relief from a judgment more than one year after it became final on the basis of a mistake that was made at the time the judgment was entered. Her motion is accordingly untimely and cannot be considered.

The reason I believe Civil Rule 60(b), rather than AS 09.55.220, is controlling in this case is that I do not believe the portion of the judgment from which Mrs. Larson seeks relief can properly be characterized as an award of "spousal support." In my opinion, it must instead be viewed as being in the nature of a property division, which is clearly governed by Civil Rule 60(b). *O'Link v. O'Link,* 632 P.2d 225, 228–31 (Alaska 1981).

Mr. and Mrs. Larson did not agree to the payment of spousal support or alimony as those terms are commonly understood or intended in AS 09.55.210 and AS 09.55.220. They agreed, instead, that Mr. Larson would contribute to the purchase by Mrs. Larson of an asset, which was a particular

---

4. Alaska R.Civ.P. 60(b) provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, ...

. . . .

The motion shall be made within a reasonable time, and ... not more than one year after the judgment, order or proceeding was entered or taken.

educational degree. Although we have previously labeled this type of agreement as an agreement for the payment of "rehabilitative alimony," *Bussell v. Bussell,* 623 P.2d 1221, 1224 (Alaska 1981), it is not substantively alimony or spousal support at all. For example, if by agreement or judgment it were determined that a wife was to become the owner of a particular business, from which she would ultimately support herself, and that the husband was to provide in installments the down payment for the business, I do not believe we would characterize the arrangement as one for the provision of spousal support. In my opinion, this is very much akin to the arrangement agreed upon by Mr. and Mrs. Larson. The issue is addressed in Professor Clark's treatise on domestic relations as follows:

> Bearing in mind that one purpose of alimony is to ease the adjustment to single status for the wife, one must agree that in many instances that purpose is better served by a series of payments over a relatively short period *which both parties may count on as fixed and unalterable* than by conventional periodic alimony, *lasting indefinitely and always open to increase or reduction with the parties' changing circumstances.* . . . In short, *the property-alimony distinction is a fictional device for compromising between the policies favoring modifiability and those favoring finality.*

H. Clark, Law of Domestic Relations § 14.9, at 456 (1968) (footnotes omitted).

The agreement entered into by Mr. and Mrs. Larson was that she should receive payments from Mr. Larson for a definite and specified period, which payments were not to be subject to increase or reduction with the parties' changing circumstances. Thus, the agreement should not be construed as being modifiable under AS 09.55.-220.

Presumably because of a mistake, the judgment setting forth the terms of the parties' agreement did not and could not accomplish its intended purpose. Mrs. Larson is entitled to obtain relief from the judgment, but only pursuant to Civil Rule 60(b). In accordance with this rule, relief from a judgment based on a mistake must be requested within one year of when the judgment became final. Mrs. Larson did not seek relief within that time period and is accordingly now barred from so doing. The parties have the right to limit the extent of their liability to each other, as did Mr. and Mrs. Larson. Having done so, the jurisdiction of the superior court to grant relief from the judgment is extremely limited and circumstances under which relief could be granted at this time do not exist.

In accordance with my analysis, it is entirely unnecessary and misleading to analyze this case in terms of whether a material and substantial change in circumstances has occurred. I disagree with the decision of this court to the extent that it relies upon such an analysis.

RABINOWITZ, Justice, dissenting.

I would affirm the superior court's holding that Mrs. Larson's discovery that she would require an additional year of study to obtain her doctorate constituted a material and substantial change of circumstances warranting modification of the support provisions of the decree of dissolution. Our prior decisions have established the principle that the superior court is accorded great latitude in determining awards of spousal support. *Faro v. Faro,* 579 P.2d 1377, 1380 (Alaska 1978); *Schoning v. Schoning,* 550 P.2d 373, 374 (Alaska 1976). As in other areas of family law where discretionary authority is involved, the trial court's judgment should not be reversed absent a showing that its ruling constituted an abuse of discretion.[1] An abuse of discretion will not be found "unless we are left with the definite and firm conviction on the whole record that the judge made a mistake. . . ." *Houger v. Houger,* 449 P.2d 766, 771 (Alaska 1969).

---

1. *See Headlough v. Headlough,* 639 P.2d 1010, 1014 (Alaska 1982); *Curley v. Curley,* 588 P.2d 289, 291 n. 3 (Alaska 1979).

Here the superior court's decision was amply supported by the record and well within the scope of its discretionary authority. The parties contemplated that the spousal support provided under the initial decree would enable Mrs. Larson to obtain an advanced degree. At the time it was framed, they mistakenly assumed that she could complete a doctoral program in art education in four, rather than five years. Thus, the award of spousal support established by the dissolution decree was insufficient to accomplish its intended purpose. The discovery that the expectations underlying the original award were erroneous constituted a change in circumstances justifying the modification under AS 09.55.220.[2]

My conclusion that the superior court reached a proper result is based in large measure upon our recent decision in *Headlough v. Headlough*, 639 P.2d 1010 (Alaska 1982). In *Headlough*, this court held that the discovery that a mistaken assumption regarding the custodial parent's need for child support was made at the time a divorce decree was entered constituted a change of circumstances warranting modification of the decree. We permitted the superior court to entertain a motion for an increase in support filed seven and one-half months after the divorce decree was entered. The custodial parent testified in part that her expenses had not changed. Nevertheless, in *Headlough* this court held that the custodial parent's discovery that the original sum was inadequate to support her children constituted a change of circumstances. We reasoned that:

> [t]here was a "change" in the sense that there may have been a mistake in the assumption made when the decree was entered—that the real needs of Kathy for support of the children were something different from that which had been assumed seven months earlier. We agree with the Supreme Court of California in *Bratnober v. Bratnober*, 48 Cal.2d 259, 309 P.2d 441, 443–44 (1957) where it was held that a failure to realize the reasonable expectations upon which a divorce decree is based may constitute a change in circumstances that will warrant modification of a child support award.

639 P.2d 1010, 1013 (footnote omitted).

In the instant case, Mrs. Larson discovered that as a result of a mistaken assumption underlying her initial request for alimony, her need for support was "something different" than that she had anticipated when the dissolution was finalized. Thus, she was justified under *Headlough* in seeking a modification.[3]

In order to obtain relief under AS 09.55.-220, a petitioner must demonstrate that a change in circumstances was material and substantial. *Headlough*, 639 P.2d at 1013; *Curley*, 588 P.2d at 291. In my view, the superior court correctly concluded that Mrs. Larson succeeded in making such a showing. The rehabilitative alimony she received under the terms of the initial decree

---

2. AS 09.55.220 (amended 1982) provided in part:

    *Modification of judgment.* Any time after judgment, the court, upon the motion of either party, may set aside, alter, or modify so much of the judgment as may provide for alimony. . . .

    AS 09.55.235 provides:

    *Effect and modification of decree.* (a) A decree of dissolution issued under AS 09.55.-231–09.55.237 shall have the same force and effect as a decree granted under AS 09.55.-070–09.55.230.

    (b) A decree of dissolution granted under AS 09.55.231–09.55.237 may be modified or enlarged as prescribed by AS 09.55.205–09.55.-220.

    In *Curley v. Curley*, 588 P.2d 289, 291–92 (Alaska 1979), this court said in part that a child support order "may be modified notwithstanding the fact that it was based on a separation agreement or stipulation signed by the parties."

3. I disagree with the majority's conclusion that *Headlough* should be limited to child support awards and thus is inapposite in cases involving alimony. AS 09.55.220, the statutory provision giving the courts authority to modify divorce judgments, makes no distinction between child and spousal support decrees. There is no basis for a conclusion that the legislature intended different standards to be applied in modifications of different portions of a judgment. Thus, I believe it is entirely appropriate to apply the reasoning in *Headlough* in reaching a determination of the merits of the instant appeal.

proved insufficient to accomplish its intended purpose.[4] The disparity between her anticipated and actual needs was significant. The superior court concluded correctly that the financial burden imposed by an additional year of study constituted a material and substantial change in circumstances.[5] Thus, I would affirm its modification of the dissolution decree to grant Mrs. Larson the additional support necessary to enable her to complete her doctoral studies.[6]

**4.** Rehabilitative alimony, in contradistinction to permanent alimony, is an award of spousal support of limited duration and for a specified purpose. We approved such arrangements in *Bussell v. Bussell,* 623 P.2d 1221, 1224 (Alaska 1981).

**5.** *Compare Lumsden v. Lumsden,* 61 Hawaii 338, 603 P.2d 564 (Hawaii 1979) (per curiam), where the court rejected a similar petition for modification of an award of rehabilitative alimony. The petitioner claimed she needed additional support to obtain a Ph.D. After observing that
> " '[T]he amount of alimony is to be determined upon a realistic appraisal of the situation of the parties *at the time of the divorce,* ' "

*Id.* at 568, *quoting Richards v. Richards,* 44 Hawaii 491, 355 P.2d 188, 202 (Hawaii 1960) (emphasis by *Lumsden* court), the court found that the record clearly established that at that time
> it was [Mrs. Lumsden's] intention to seek a master's degree alone, and that her decision to pursue a doctorate was reached sometime in 1973, 16 months after the initial divorce proceedings had been concluded.

603 P.2d at 568. Finding that she had received sufficient alimony to attain her original goal, the court refused to permit a modification to enable her to achieve an objective formulated several months later. By contrast, Mrs. Larson has consistently sought a Ph.D. She desires a modification of the dissolution decree that will permit her to realize her original goal.

**6.** I disagree with the majority's conclusion that Civil Rule 60(b), which governs relief from final

judgments on grounds of mistake or fraud, applies to petitions for modification of support awards. Specifically, I do not believe that Mrs. Larson should have been required to comply with the provisions of Civil Rule 60(b) in order to obtain relief from the support provisions of an initial decree. AS 09.55.220 furnishes the basis for modifying portions of divorce or dissolution decrees providing for alimony, child custody, child support and spousal maintenance. Since AS 09.55.220, unlike Civil Rule 60(b), does not require that motions for modification of the judgment be filed within one year after the original decree was entered, I would not deny as untimely Mrs. Larson's application for relief on the ground of mistake.

*O'Link v. O'Link,* 632 P.2d 225, 228–31 (Alaska 1981), cited by the majority in support of the proposition that Rule 60(b) governs modification of final divorce decrees on grounds of mistake or fraud, involved an application for relief from a property settlement. Since property settlements are not included within the ambit of provisions which may be modified under AS 09.55.220, and thus are indisputably governed by Civil Rule 60(b), *O'Link* has no bearing upon the issue at hand. Similarly, the other cases cited in the majority opinion at note 3 were decided solely under provisions similar to Rule 60(b). No reference was made in those opinions to statutes similar to AS 09.-55.220. Thus, they do not controvert my position that Rule 60(b) limitations simply do not apply to motions for modification filed under AS 09.55.220.